### BECHTOLD v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 5, 1921.)

No. 3754.

**Habeas corpus ⊕⇒3, 4—Sufficiency of indictment not considered, where no objection below, nor writ of error.**

Where one was convicted of manufacturing intoxicating liquors without registration, etc., in violation of internal revenue laws (Rev. St. §§ 3258, 3281, 3282 [Comp. St. §§ 5994, 6021, 6022]), without testing the sufficiency of the indictment by demurrer or otherwise, and without filing a motion in arrest, or otherwise questioning the conviction, or seeking writ of error, a petition for habeas corpus on the ground that conviction was illegal, in that such statutes had been repealed by the Eighteenth Amendment and the National Prohibition Act, will be dismissed; the District Court having jurisdiction of the class of offenses charged, and to decide whether they were a violation of the internal revenue laws or the National Prohibition Act.

Appeal from the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Petition in habeas corpus by August Bechtold, who was convicted in a prosecution by the United States. Petition dismissed, and petitioner appeals. Appeal dismissed.

For opinion below, see Ex parte Lawrence, 273 Fed. 876.

Frank A. Lenz, of Butte, Mont., for plaintiff in error.

John L. Slattery, U. S. Atty., and Ronald Higgins and Wellington H. Meigs, Asst. U. S. Attys., all of Helena, Mont.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge: This is a proceeding to review dismissal of petition for writ of habeas corpus. Bechtold set up that he was convicted under three counts of an indictment, charging: (1) That on July 12, 1920, he made and fermented a certain mash fit for the production of spirits in a certain building other than a distillery duly au-

thorized according to law, and on premises other than a distillery duly authorized according to law; (2) that on July 12, 1920, he failed and neglected to register with the collector of internal revenue a still then in his possession and under his control, which still was set up; (3) that on July 12, 1920, he carried on the business of a distiller without first having given the bond required by law and complied with the provisions relating to registration. Petitioner does not specify the particular statutes under which the conviction was had, nor does the indictment, nor do the judgment and commitment; but it is evident that the offenses are defined in sections 3282, 3258, and 3281 of the internal revenue laws, title 35, R. S. U. S. (Comp. St. § 5994, 6021, 6022). The sentence was imprisonment in the county jail at Butte, Mont., for nine months and to pay a fine of $500.

The contention is that the above cited sections of the Revised Statutes were repealed by the Eighteenth Amendment to the Constitution and the act of Congress, known as the National Prohibition Act, approved October 28, 1919, chapter 85, 41 Stat. 305. The record fails to show that defendant below, by demurrer or otherwise, tested the sufficiency of the indictment at the time of trial, or that he filed a motion in arrest of judgment, or in any other way in the District Court questioned the legality of his conviction, or sought writ of error to review the judgment against him. He is now endeavoring by this proceeding to have this court decide a question of law, which he should have raised in the District Court at the time of trial or judgment, and which, if decided adversely to him, might have been presented to this court by writ of error.

Whether the indictment was sufficient or insufficient, the District Court had jurisdiction of the class of offenses charged, and to decide whether the acts alleged were a violation of the internal revenue laws or the National Prohibition Act. Rarely in such a case will an appellate court on habeas corpus inquire into the question of the sufficiency of the indictment. Glasgow v. Moyer, 225 U. S. 420, 32 Sup. Ct. 753, 56 L. Ed. 1147. We may add that we do not construe Yugenovich v. U. S., 256 U. S. ——, 41 Sup. Ct. 551, 65 L. Ed. ——, as holding that the indictment in the present case fails to state an offense.

The appeal is dismissed.