## UNITED STATES v. KNIGHT.

(Circuit Court of Appeals, Ninth Circuit. June 9, 1924.)

### No. 4222.

1. **Aliens ⬥71½—Consular certificate held insufficient to show permanent residence of naturalized citizen in foreign country within five years after naturalization.**

A consular certificate, made under Act June 29, 1906, § 15 (Comp. St. § 4374), stating that a naturalized citizen, within a year after his naturalization, went to Cape Town as representative of an American concern, where he had remained, at the time the certificate was issued, for some 20 years, and that 16 years after his arrival, on registering as a citizen of the United States, he stated his intention to return for permanent residence whenever his employer desired, *held* insufficient to show prima facie that he had taken permanent residence in a foreign country within 5 years after his naturalization.

2. **Citizens ⬥13—Residence not lost by employment in foreign country.**

An American citizen does not become a permanent resident of a foreign country by merely taking employment there with an American firm, however long his employment may continue.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Suit by the United States against Sidney E. Knight for cancellation of certificate of citizenship. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 291 Fed. 129.

It appears from the complaint in this case that the defendant, a subject of the queen of Great Britain and Ireland, was admitted to citizenship in the district court of the Fourth judicial district of the state of Montana, in and for the county of Lewis and Clark, on November 5, 1900; that within 5 years thereafter, and on or about the month of September, 1901, the defendant went to South Africa, a foreign country, and took permanent residence therein, and ever since that date has resided and still resides in such foreign country; that the certificate of naturalization was fraudulently and illegally secured, in that the defendant, at the time he procured the issuance thereof, did not intend to become a permanent resident of the United States. Service was had by publication. The defendant did not appear in the court below, nor has he appeared in this court. The present proceeding for cancellation of the certificate of citizenship was instituted under section 15 of the act of June 15, 1906 (34 Stat. 601 [Comp. St. § 4374]), which provides as follows:

"If any alien who shall have secured a certificate of citizenship under the provisions of this act shall, within five years after the issuance of such certificate, return to the country of his nativity, or go to any other foreign country, and take permanent residence therein, it shall be considered prima facie evidence of a lack of intention on the part of such alien to become a permanent citizen of the United States at the time of filing his application for citizenship, and, in the absence of countervailing evidence, it shall be sufficient in the proper proceeding to authorize the cancellation of his certificate of citizenship as fraudulent, and the diplomatic and consular officers of the United States in foreign countries shall from time to time, through the Department of State, furnish the Department of Justice with the names of those within their respective jurisdictions who have such certificates of citizenship and who have taken permanent residence in the country of their nativity, or in any other foreign country, and such statements, duly certified, shall be admissible in evidence in all courts in proceedings to cancel certificates of citizenship."

Upon the final hearing the government offered in evidence a certified copy of the certificate of naturalization and a duly certified statement of the vice consul of the United States at Cape Town, Union of South Africa, purporting to have been given and made under the provisions of section 15, supra. The consular certificate reads as follows:

"I, Charles J. Pisar, vice consul of the United States of America, at Cape Town, Union of South Africa, hereby certify that I am personally acquainted with Sidney Ernest Knight, who resides at Cape Town; that he stated under oath on May 26, 1917, when he registered as an American citizen at the American consulate general at Cape Town, that he was born in London on September 24, 1875; that he came to the United States in May, 1890; that he was a naturalized American citizen, submitted his naturalization certificate, issued by the first judicial court at Helena, Montana, on November 5, 1900, in proof thereof; that he came to Cape Town on September 13, 1901, for the purpose of representing the Mercantile Agency, R. G. Dun & Co., of 290 Broadway, New York City, which firm he has constantly represented in South Africa since; and that he intended to return to the United States for permanent residence whenever his employers so desired.

"I further certify that on October 25, 1920, Mr. Knight appeared at the American consulate general at Cape Town, bearing passport No. 32218/11, issued to him by the government of the Union of South Africa on October 19, 1920, with a request for a visa thereto to enable him to proceed to the United States in connection with the business of the firm he represents, and that such a visa was granted by Vice Consul Charles W. Allen, to whom Mr. Knight was not personally known to be a citizen of the United States.

"I further certify that, answering an invitation to call at the American consulate general, Mr. Knight appeared on October 26, 1921, and, upon being questioned concerning his citizenship, stated to me that he applied for a British passport in October, 1920, for specific reasons which he declined to divulge; that when he applied for said passport he was not required to take an oath of allegiance to the British crown, or to swear to the declaration made in applying for the passport; that he admitted that he has now lived for 20 years in South Africa, returning to the United States but once during this period, and that he did not know when he would return for permanent residence; that he had voted on several occasions at elections in South Africa; and that he has acquired interest in local community affairs and intended to take an active part therein during his residence here.

"I further certify that Mr. Knight left the United States within less than one year after completing his naturalization as a citizen of the United States of America, and while he has been representing American interests in South Africa, he has failed to adhere to his oath of allegiance as an American citizen, and that his naturalization as an American citizen was fraudulently obtained, and should be revoked.

"I further certify that Mr. Knight refused to surrender his certificate of naturalization."

The court below dismissed the complaint, and from the decree of dismissal this appeal is prosecuted.

John J. Slattery, U. S. Atty., and Ronald Higgins and Wellington H. Meigs, Asst. U. S. Attys., all of Helena, Mont.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). No countervailing evidence was offered, and if the consular certificate shows that the appellee returned to the country of his nativity, or went to some other foreign country and took permanent residence therein, within five years after the issuance of the certificate of citizenship, the decree should be reversed. Luria v. United States, 231 U. S. 9, 34 Sup. Ct. 10, 58 L. Ed. 101.

[1] The court below was of opinion, however, that the consular certificate fails to show that the appellee took permanent residence at Cape Town within the 5-year period, and in that conclusion we concur. In the absence of the statute in question, the statement of the consular officer would be mere hearsay, and its competency as evidence does not extend beyond the duty imposed by law, namely, to furnish the Department of Justice, through the Department of State, the names of those within his jurisdiction who have certificates of citizenship, and who have taken permanent residence in the country of their nativity, or in some other foreign country. The material parts of the certificate now before us show merely that the appellee was born in London in 1875; that he came to the United States in 1890; that he was naturalized in 1900; that he went to Cape Town in 1901, for the purpose of representing the Mercantile Agency of R. G. Dun & Co., of New York City; that he has constantly represented that firm in South Africa ever since; and that he intends to return to the United States for permanent residence whenever his employers so desire.

[2] These facts are entirely consistent with permanent residence in the United States, or at least with a lack of permanent residence in South Africa. An American citizen does not become a permanent

resident of a foreign country by simply taking employment there with an American firm, however long his employment may continue. No dates are given for the acts and conduct set forth in the remaining parts of the certificate, but at least some of the acts complained of were committed 20 years after naturalization. And in this connection it is a significant fact that the name of the appellee was not furnished to the Department of State or the Department of Justice as a permanent resident of Cape Town until upwards of 15 years after the passage of the acts of 1906, although the consul had full knowledge of his status as a naturalized citizen and of his employment at Cape Town as early as 1917, when he registered at the consulate as an American citizen. It would seem to be a fair inference from this that the certificate of the consul is based largely upon acts committed and claims made by the appellee nearly 20 years after naturalization. The government rested its case entirely upon the presumption arising from the fact of taking permanent residence in a foreign country within 5 years after naturalization, and, having failed to prove the fact which gives rise to the presumption, the court below properly ruled that there was a failure of proof.

Decree affirmed.