UNITED STATES v. ROVIN.

(District Court, E. D. Michigan, S. D. March 29, 1926.)

No. 5451.

1. Aliens ⬥⟿71½.

Whether applicant, by false and fraudulent statements of material facts, induced court to grant certificate of citizenship, is question of fact.

2. Aliens ⬥⟿71½—Burden is on government to prove fraud in procuring citizenship certificate by preponderance of evidence (Naturalization Act June 29, 1906, § 15 [Comp. St. § 4374]).

In proceeding to cancel certificate of citizenship, under Naturalization Act June 29, 1906, § 15 (Comp. St. § 4374), for fraud, burden is on government to prove fraud by preponderance of evidence.

3. Fraud ⬥⟿58(1).

Fraud is not to be lightly inferred, but must be established by clear and convincing evidence.

4. Aliens ⬥⟿71½—That naturalized citizen attempted to create public sentiment in favor of resuming trade relations with Russian Soviet government held not to authorize cancellation of citizenship certificate (Naturalization Act June 29, 1906, § 15 [Comp. St. § 4374]).

That naturalized citizen was active in attempting to create public sentiment in favor of resuming trade relations between United States and Russian Soviet government held not indicative of disloyal attitude, authorizing canceling his certificate of citizenship under Naturalization Act June 29, 1906, § 15 (Comp. St. § 4374).

5. Aliens ⬥⟿71½.

Alien's belief that changes should be made in our form of government does not indicate lack of attachment to principles of Constitution, within Naturalization Act June 29, 1906, § 4, as amended by Act June 25, 1910, § 3, and Act May 9, 1918, §§ 1–3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352).

6. Aliens ⬥⟿71½—Evidence held insufficient to show that applicant for citizenship was not attached to principles of Constitution (Naturalization Act June 29, 1906, § 15 [Comp. St. § 4374]).

Evidence held insufficient to show that naturalized citizen was not attached to principles of Constitution at time of naturalization, so as to authorize cancellation of his citizenship cer-

tificate under Naturalization Act June 29, 1906, § 15 (Comp. St. §·4374).

Proceeding by the United States against Alexander M. Rovin for cancellation of his certificate of citizenship. Petition dismissed.

Delos G. Smith, U. S. Dist. Atty., and Wallace Visscher, Asst. U. S. Atty., both of Detroit, Mich.

William F. Connolly, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This is a petition filed by the United States district attorney for this district, pursuant to section 15 of the Naturalization Act (Act of Congress of June 29, 1906, c. 3592, 34 Statutes at Large, 601 [Comp. St. § 4374]), for the cancellation of the certificate of citizenship of the defendant, Alexander M. Rovin, of Detroit, Mich., on the ground that such certificate was procured by fraud.

The section of the statute just cited provides that "it shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured."

The petition, which was filed in 1921, alleges that on September 29, 1917, the defendant was admitted to citizenship by this court; that at the hearing at which he was so naturalized he "claimed and testified that he believed in the principles of the Constitution of the United States, that he would support the Constitution of the United States, and that he absolutely and entirely renounced and abjured all allegiance to any foreign prince, potentate, state, or sovereignty, and that he would support and defend the Constitution and the laws of the United States against all enemies, foreign and domestic, and that he would bear true faith and allegiance to the same, and that he was attached to the principles of the constitutional laws of the United States"; that at the time of said hearing the defendant "was not attached to the Constitution and principles of the United States, that he did not intend in good faith to support and defend the Constitution and laws of the United States against all enemies, foreign and domestic, and did not, in fact, intend to bear true faith and allegiance

to said United States, and that. he did not believe in the principles of the Constitution of the United States, and that his testimony and claims * * * were false, fraudulent, and constituted a mere pretense and sham, and were put forward to deceive the court and perpetrate a fraud on the court; and that said Alexander M. Rovin then and there by the means aforesaid did deceive said court, and did fraudulently and unlawfully obtain from said court a certificate of citizenship of the United States, said certificate of citizenship being based upon an order and judgment of said court admitting said Rovin to citizenship in and pursuant to the proceedings aforesaid; that said Rovin, at the time of his admission to citizenship as aforesaid, and at the time of taking the oath of allegiance to the United States, did not in fact believe in the Constitution and laws of the United States, but was and from thence hitherto has continued to be dissatisfied with the existing government of the United States and its Constitution, and advocated and has continued to advocate revolution, for the purpose of adopting the dictatorship of the proletariat, and for the release of all federal and other prisoners and the overthrow of the Constitution and established government of the United States." The petition prays that the certificate of citizenship mentioned be set aside and canceled "on the ground of fraud as aforesaid."

The answer filed by the defendant denies specifically all of the allegations of the petition on which the charge of fraud is based and concludes as follows:

"This defendant further avers that the government of the United States has been properly and lawfully altered many times, because of the desire and effort of the duly constituted officials of the legislative, judicial, and executive departments, or of the people of the United States to amend and improve the same, and that the Constitution of the United States has been amended 19 times since its adoption, due to the activities of persons desiring to improve the same, by the peaceful and orderly methods in and by the Constitution itself provided for the change of the government of the United States and the amendment of its Constitution. This defendant emphatically denies that he has committed any act or said any word in favor of revolution, or of the use of violence for the overthrow of the government of the United States, or its Constitution, or the modification of the same, or for the release of federal or other prisoners."

[1-3] The Naturalization Act (Act of June

29, 1906, c. 3592, § 4, 34 Statutes at Large, 596, as amended by Act of June 25, 1910, c. 401, § 3, 36 Statutes at Large, 830, and by Act of May 9, 1918, c. 69, §§ 1–3, 40 Statutes at Large, 542 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352]) provides that an applicant for naturalization "shall, before he is admitted to citizenship, declare on oath in open court that he will support the Constitution of the United States, and that he absolutely and entirely renounces and abjures all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly by name to the prince, potentate, state, or sovereignty of which he was before a citizen or subject; that he will support and defend the Constitution and laws of the United States against all enemies, foreign and domestic, and bear true faith and allegiance to the same." The same section also provides as follows: "It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States five years at least, and within the state or territory where such court is at the time held one year at least, and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same." The question here presented is whether the defendant, by the false and fraudulent statement of a material fact, as charged in the petition already quoted, induced this court to grant the certificate of citizenship sought to be set aside. This is a question of fact, and the burden, of course, is upon the plaintiff to prove, by a preponderance of the evidence, the fraud which it has thus alleged. It is, moreover, elementary that fraud is not to be lightly inferred but must be established by clear and convincing evidence.

Bearing in mind the foregoing considerations, and remembering also that the charge of fraud here made involves primarily and essentially the question as to the state of mind of the defendant at a period of time nine years before the time at which the testimony herein was taken, I am not satisfied that such charge of fraud has been sustained. Twenty-six witnesses testified at the hearing before me in open court, who were about equally divided as between the plaintiff and the defendant. I have given very full and careful consideration to all of the evidence. Much of it related to a public meeting in 1925, four years after the petition herein was filed, in a church in Detroit, at which the defendant and others were invited to, and did, speak on certain aspects of the subject of Economics. Some of the views expressed by the defendant on this occasion (as on various other occasions shown by the evidence) appear to have been somewhat socialistic and radical, at least in their general tenor, and gave rise to a discussion, among those present, which was marked by heat and acrimony. A former Congressman (on whose testimony the plaintiff seems to have placed considerable reliance) construed the remarks of the defendant as the "advocacy of doing away with property rights and the fundamental principles of our government," and, with an evident motive of commendable loyalty to the government, took the speaker sharply to task for such remarks. Assuming, however, that statements made by the defendant at this meeting may be given any persuasive effect as evidence of his mental attitude toward this country at the time of his naturalization hearing eight years previously, and disagreeing with many of the views and opinions which I am satisfied that he expressed, yet I am not convinced by the evidence in the record that the defendant has not been "attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same."

[4] The testimony shows that defendant has acted as a commercial representative of the Russian Soviet government, and that, as such, he was active in attempting to create public sentiment in favor of a resumption of trade relations between the United States and the Soviet government, which was contrary to the policy of the administration then in office at Washington. This is pointed to by the government as indicating a disloyal attitude. I cannot agree with such argument. Among the privileges of American citizenship is the right of every citizen to differ with those other citizens on whom has been imposed the responsibility of public office, with respect to the policies to be followed in the administration of the affairs of the republic, and this, of course, includes the right to make all lawful efforts to arouse, and direct towards the official representatives of the people, the force of public opinion in regard to such policies. This, surely, is of the very essence of the principles of our Constitution, and in the application of such principles I see no reason for discrimination as between citizens and aliens.

[5] Nor can I follow the government in its contention that belief by an alien that chang-

es should be made in the form of our government indicates lack of attachment to the principles of our Constitution. The position of the government in this connection is thus referred to in its brief:

"Defendant's answer to the bill of complaint shows that he considers that citizens have the right to seek to amend the Constitution and thereby change our form of government; such argument admits the point which the government maintains, namely, that defendant did not believe in the principles as now laid down."

An agent of the Department of Justice testified to an interview with the defendant in 1919, during which the latter, while repudiating any desire for revolution or force, advocated certain changes in the Constitution, and the witness referred to this fact as evidence that defendant was not attached to the principles of the Constitution. I am unable to accept such a view. The Constitution itself, providing as it does for its own amendment in any respect deemed desirable by the people, seems to me to unanswerably refute any notion of the sort. The history of that great document and of the 19 important changes which have already been made in it, in accordance with its terms, should be a sufficient answer to any question as to whether a desire for such a change indicates opposition to, or absence of attachment to, the principles of our Constitution.

[6] There is no need to review the evidence in detail. While it tends to show that the defendant has on occasion expressed economic and political ideas with which the majority of our people (including myself) are not in accord, and the expression of which would probably be prohibited or punished by governments not enjoying the constitutional principle of freedom of speech, the careful consideration of the entire record to which I have already referred fails, in my judgment, to establish any of the charges of fraud here made. There is nothing in the record which would justify a finding that the defendant has ever advocated the overthrow or changing of our government by revolution or in any other manner except by constitutional methods. It appears that the defendant is not connected with any organized propaganda or other activity indicating disloyalty to the government; that he is engaged in scientific research work in his own biological laboratory; that he is interested, and has been active, in promoting so-called "Americanization" classes in connection with the naturalization of aliens; and that he owns and conducts a successful business in the city of De-

12 F.(2d)—60

troit, where he resides with his family and is apparently a peaceable, law-abiding citizen.

The petition must be dismissed, and an order will be entered accordingly.