## UNITED STATES v. GOKHALE.

Circuit Court of Appeals, Second Circuit.
May 21, 1928.

No. 282.

1. Aliens ⊕61—Hindu is not "white person" subject to naturalization.

A Hindu is not a "white person," within meaning of naturalization law, and not in fact eligible for naturalization.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, White Person.]

2. Aliens ⊕71½(10)—Admission of Hindu to citizenship by Supreme Court of New York held open to review by United States by bill in equity (Naturalization Act, §§ 11, 15 [8 USCA §§ 399, 405]).

Admission to citizenship by Supreme Court of New York of a Hindu held open to review by bill in equity under Naturalization Act, § 15 (8 USCA § 405), even assuming that United States had in fact opportunity given by section 11 (8 USCA § 399) to appear in opposition to the petition; it being a jurisdictional prerequisite to naturalization that alien shall be of a class that may be made citizens.

Appeal from the District Court of the United States for the Northern District of New York.

Suit by the United States against Shanker Lakman Gokhale to cancel certificate of naturalization. Decree for plaintiff, and defendant appeals. Affirmed.

The defendant is an Aryan Hindu of high caste, the graduate of a university in Calcutta, the possessor of degrees in chemistry and physics, at one time professor of physics in Holkar College, Indore, and now chief research engineer of the magnetic division of the General Electric Company at Schenectady, New York. On May 7, 1920, the Supreme Court of New York for Schenectady county admitted him to citizenship and issued his certificate.

The plaintiff filed a bill in equity to cancel this certificate under section 15 of the Naturalization Law (8 USCA § 405) on June 25, 1924. The defendant answered, alleging that he was a free white person, though admitting that he was a Hindu as alleged.

The District Court entered a decree for the plaintiff on the pleadings. Thereafter an appeal was taken, and while it was pending the defendant moved for a rehearing on the ground that the court was without jurisdiction to entertain the bill. This application the court denied, and the defendant did not appeal from the order entered thereon.

Celler & Kraushaar, of New York City (Meyer Kraushaar and Emanuel Celler, both of New York City, of counsel), for appellant.

Oliver D. Burden, of Syracuse, N. Y., for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. [1, 2] That the defendant was not in fact eligible for naturalization is settled by U. S. v. Thind, 261 U. S. 204, 43 S. Ct. 338, 67 L. Ed. 616, for he is concededly a Hindu, and under that case a Hindu is not a white person as the statute defines that phrase. This being so, the only question remaining is whether his admission by the Supreme Court of New York was res judicata and not open to review by bill in equity under section 15 of the Naturalization Act (8 USCA § 405). We assume that the United States had in fact the opportunity given by section 11 (8 USCA § 399) to appear in opposition to the petition, and, although this does not appear in the papers, that it was there represented. The result is perhaps to be accounted for because in 1920 it was the understanding that Hindus were eligible to citizenship. We treat the case as though a plea of res judicata had been formally interposed.

U. S. v. Ginsberg, 243 U. S. 472, 37 S. Ct. 422, 61 L. Ed. 853, and U. S. v. Ness, 245 U. S. 319, 38 S. Ct. 118, 62 L. Ed. 321, control and sustain the ruling below.

The first case held that a bill like that at bar would search the record in the naturalization proceedings at least to see whether there was any evidence to support the necessary findings of the court below. The second held that, when a necessary prerequisite to naturalization was concededly missing, i. e., the certificate of arrival, the bill would also lie. We should have relied also on Akhay Kumar Mozumdar v. U. S., 299 F.* 240 (C. C. A. 9), and U. S. v. Siem, 299 F. 582 (C. C. A. 9), except that these were distinguished in U. S. v. Sakharam Ganesh Pandit, 15 F.(2d) 285 (C. C. A. 9), on the theory that the plea of res judicata had not been presented or considered. While we should not ourselves have so supposed from the opinions written, we must accept the construction so put upon those decisions.

Nevertheless we are not persuaded that the case at bar does not fall within the rulings of the Supreme Court. It is certainly a jurisdictional prerequisite to naturalization that the alien shall be of a class which may be made citizens. It is not suggested that any issue of fact was raised before the naturalization court, and indeed it could not honestly have been. We need not of course say that, if the naturalization proceedings were like an ordinary suit or action, the order could be attacked in this way. They are not; the statute has provided cumulative reviews of them, one by section 11, Tutun v. U. S., 270 U. S. 568, 46 S. Ct. 425, 70 L. Ed. 738; the other by section 15. U. S. v. Ness. How deeply that under section 15 searches we have no occasion to ask; it goes far enough for the purposes of the case at bar.

The refusal of the Supreme Court to grant certiorari in the case of U. S. v. Sakharam Ganesh Pandit, in no sense indicates its approval of that decision, as that tribunal has said over and over again.

Decree affirmed.