## UNITED STATES v. GRENFELD.

District Court, S. D. Texas, at Houston.
August 10, 1929.

No. 292.

Douglas McGregor, Asst. U. S. Atty., of Houston, Tex., for the United States.

Ewing Werlein, of Houston, Tex., for defendant.

HUTCHESON, District Judge. Suit to cancel naturalization certificate. This is a bill in equity to cancel for fraud the certificate of naturalization of Joe Grenfeld. The government proceeds under and complies with section 15 of the act of 1906 (8 USCA § 405) requiring district attorneys to institute suit to set aside and cancel certificates of citizenship on the ground of fraud. The act provides:

"If any alien who shall have secured a certificate of citizenship under the provisions of this act shall, within five years after the issuance of such certificate, return to the country of his nativity, or go to any other foreign country, and take permanent residence therein, it shall be considered prima facie evidence of a lack of intention on the part of such alien to become a permanent citizen of the United States at the time of filing his application for citizenship, and, in the absence of countervailing evidence, it shall be sufficient in the proper proceeding to authorize the cancellation of his certificate of citizenship as fraudulent."

The act further provides that the statement of the consul, duly certified, as to the

taking of permanent residence, shall be admissible in evidence. In this case the government furnishes such certificate.

The defendant by deposition at great length states the reasons for his going to Palestine, the reasons for his remaining there, and the strenuous efforts which he has made to return to the United States, and that at no time did he ever intend to permanently stay in Palestine, or permanently reside there.

The validity of the statute has been sustained in Luria v. United States, 231 U. S. 9, 34 S. Ct. 10, 58 L. Ed. 101, and its effect has been there discussed; the court there holding that the provision making permanent residence in a foreign country prima facie evidence of a lack of intention merely prescribes a rule of evidence, and not of substantive right.

"It goes no farther than to establish a rebuttable presumption which the possessor of the certificate is free to overcome. If, in truth, it was his intention at the time of his application to reside permanently in the United States, and his subsequent residence in a foreign country was prompted by considerations which were consistent with that intention, he is at liberty to show it."

The meaning and effect of a prima facie presumption of statutes declaring it have been discussed in numerous authorities. For a general discussion, see Foundation Co. v. Henderson (C. C. A.) 264 F. 486, in which the authorities are collected to the point that the presumption growing out of a prima facie case, however, continues only so long as there is no substantial evidence to the contrary. When that is offered, the presumption disappears, and, unless met by further proof, there is nothing to justify a finding based solely thereon.

That the evidential presumption created by statute is in the same case is declared in Western & Atlantic R. R. v. Mrs. Mary Henderson, 49 S. Ct. 445, 73 L. Ed. 884; the court in that case holding a statute invalid because it attempted to make a presumption evidence, whereas the court has declared the presumption as a matter of law is dissipated the instant any testimony is taken against it; the court in that case saying, quoting from Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35, 31 S. Ct. 136, 138, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463: "The only legal effect of this inference is to cast upon the railroad company the duty of producing some evidence to the contrary. When that is done the inference is at an end, and the question of negligence is one for the jury, upon all of the evidence."

Judge Butler, in the Western & Atlantic Case concludes as follows: "The Mississippi statute created merely a temporary inference of fact that vanished upon the introduction of opposing evidence. * * * That of Georgia * * * creates an inference that is given effect of evidence to be weighed against opposing testimony." The Mississippi statute was held valid; that of Georgia, invalid.

In the light of these principles it is evident that the presumption which arose from the certificate of the consul, which was all the evidence the government had, vanished when confronted with Grenfeld's evidence, and, unless from a consideration of that evidence fraud plainly appears, the certificate may not be canceled, for what must be here determined is the state of mind of the defendant at the time he obtained his certificate, and, since the effort is to set aside a solemn judgment of a court, that evidence must clearly establish the existence of the fraud. United States v. Knight (D. C.) 291 F. 129, affirmed in (C. C. A.) 299 F. 571.

In the light of these principles I think it must be held that the government has wholly failed to establish the fraud claimed, and that the bill must be dismissed for want of equity.

Let a decree be drawn accordingly.