## UNITED STATES v. PATTERSON.

### No. 1394.

District Court, D. Montana.

Sept. 18, 1933.

Wellington D. Rankin, U. S. Atty., and Arthur P. Acher, Asst. U. S. Atty., both of Helena, Mont.

BOURQUIN, District Judge.

In this suit to cancel defendant's certificate of citizenship issued in June, 1894, the charge is that when he applied for the same he did not intend to become a permanent citizen of the United States.

Service was by publication and defendant made default. At final hearing the only evidence presented, and by plaintiff counted upon, is defendant's alleged letter following service, to the clerk of the court. Therein he frankly states that in the fall of 1894 he returned to the land of his nativity, Nova Scotia, at all times since has there resided, and now sixty-five and his "rambling days" over, he does not intend to return to the United States.

Plaintiff contends that in its behalf this suffices to establish a prima facie case, within 8 USCA § 405.

If the letter be accepted as authentic without other evidence, the contention is to be sustained.

But the letter also contains the countervailing evidence by said statute contemplated. For therein defendant proceeds to set out his motive, purpose, and intent at the time of admission to citizenship and thereafter, in substance, that theretofore he had lived in Anaconda for ten years, was employed in positions of responsibility, and "liked the place well"; that eleven months before admission he suffered fracture of the skull and other injuries which near fatal, incapacitated him for nine months; that restored to his employment, in the fall of 1894 his health was poor, and "advised by a doctor" to return to Nova Scotia, he did to escape the local cold climate; that "I intended to come back in the spring but I changed my mind and am still in Nova Scotia. I never re-established after coming back to Canada. I simply got papers which gave me political privileges, which read I can be deemed a citizen of the U. S. A. any time I went back. I did not want to take any more vows of allegiance"; and that he desires to retain his citizenship herein for that otherwise his daughter born during it will be, as she has been, denied the right to enter the United States to resume her employment. Although these latter are self-

serving statements, they are a part of the letter containing the dis-serving statements upon which plaintiff relies, are explanatory, and in the circumstances are equally in evidence and entitled to consideration.

They ring true, inspire confidence in their credibility, clearly avoid the prima facie case otherwise made, and manifest that the charge made fails of proof.

The finding necessary to sustain the issue, and to the relief by plaintiff prayed, is that at the time admitted to citizenship, defendant did not intend to become a permanent citizen of the United States, and that finding is not warranted by the evidence.

Were there no more than reasonable doubt, it would suffice to deny relief. Like any solemn public grant, that of citizenship cannot be lightly canceled. See Knight's Case (United States v. Knight) (D. C.) 291 F. 129.

■ The naturalized citizen's resumption of residence in the land of his birth, however soon and however long, is immaterial, provided his intent at admission is to continue a permanent resident and citizen of the United States. So much the statute requires and no more. Thereafter, he has the same right as the native born to go when and where he please, to reside where and as long as he please.

Suit dismissed.