## UNITED STATES v. JURICK.

### No. E–6832.

District Court, E. D. New York.

June 20, 1936.

Leo J. Hickey, U. S. Atty. for the Eastern District of New York, of Brooklyn, N. Y. (Clarence Wilson, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Frederick L. Weisler, of New York City, for respondent.

MOSCOWITZ, District Judge.

The United States of America, the complainant herein, brought this action against Louis Jurick, the respondent, to cancel his certificate of citizenship upon the ground that he procured his naturalization certifi-

cate fraudulently and illegally, it being claimed that the respondent represented and declared his intention to become a citizen of the United States, when in fact the respondent did not intend to reside permanently in the United States of America.

Suit is instituted pursuant to authority of an Act of Congress, dated June 29, 1906, c. 3592, § 15, 34 Stat. 601, title 8, U.S.Code, § 405 (8 U.S.C.A. § 405), the pertinent part of which is, as follows: "If any alien who shall have secured a certificate of citizenship under the provisions of this chapter shall, within five years after the issuance of such certificate, return to the country of his nativity, or go to any other foreign country, and take permanent residence therein, it shall be considered prima facie evidence of a lack of intention on the part of such alien to become a permanent citizen of the United States at the time of filing his application for citizenship, and, in the absence of countervailing evidence, it shall be sufficient in the proper proceeding to authorize the cancellation of his certificate of citizenship as fraudulent, and the diplomatic and consular officers of the United States in foreign countries shall from time to time, through the Department of State, furnish the Department of Justice with the names of those within their respective jurisdictions who have such certificates of citizenship and who have taken permanent residence in the country of their nativity, or in any other foreign country, and such statements, duly certified, shall be admissible in evidence in all courts in proceedings to cancel certificates of citizenship."

Jurick was naturalized on October 3, 1899, in this court. During 1902 he departed from the United States and established a temporary residence in the Island of Cuba. On the trial there was received in evidence an affidavit by Harold B. Quarton, Consul of the United States of America at Havana, Cuba, in which the Consul states, among other things, that Jurick came to Havana, Cuba, a few months after his naturalization and resided there until 1901, returned to the United States, was married on October 28, 1901, and brought his wife back to Havana, Cuba, in 1902, at which time he took a lease for eight years on a store at 201–209 Monte street, Havana, Cuba, and established a permanent residence in Cuba.

Under the provisions of the law above quoted, if an alien who has secured a certificate of citizenship shall within five years thereafter return to his county of nativity or to any foreign country, that fact shall be considered prima facie evidence of a lack of intention to become a permanent citizen of the United States. Under this same provision of the law the government is permitted to introduce in evidence the certificate of the Consul as evidence of the facts. In the absence of proof to the contrary based upon the certificate of the Consul alone and without any other evidence, the court would be justified in finding that the respondent gave up his permanent residence. However, in this case the respondent has offered overwhelming evidence that he never intended to give up his residence in the United States. Such intention is best shown by his acts and conduct.

Respondent testified that at the time of naturalization it was his intention to become a permanent resident of the United States, that he still considers himself a citizen of the United States and has always held himself out as such, and that, while it is true that he spent a great deal of time in Cuba, his presence in Cuba was a part of an attempt to introduce in Cuba American merchandise and products. Respondent went to Cuba shortly after the Spanish-American War with many other American merchants as a representative of American industry. At the time of his naturalization he had no intention whatsoever of leaving this country or going to Cuba; that at the time of his entry into Cuba, Cuba was unsettled, having no definite form of government and was a dangerous place to live because of the prevalence of yellow fever. In 1906 the consular representatives of the United States required American citizens residing temporarily in Cuba to register with them, which registration was made by Jurick. Shortly after Jurick's entrance into Cuba he returned to the United States and was married in New York City. His first child of this marriage was born in New York City and he has another child who was born in Cuba. Both children were educated in New York. Respondent at all times has maintained his commercial and family ties in New York. He is the owner of property in New York, and has maintained a bank account as well as an office in New York. The respondent has openly certified to his American citizenship in all contracts and dealings in Cuba. He has traveled to Europe upon an American passport, he has always paid income tax

to the United States and has filed income tax returns. Respondent was the local representative of various large American mercantile concerns, and was an officer of corporations organized under the laws of the state of New York. At the time of the World War the respondent, in response to a request of the American Consul, enlisted in the reserve and was actively engaged on behalf of the Consul in endeavoring to induce enlistments by Cubans. At no time has the respondent exercised any Cuban political functions. In 1933, he was the owner of a large retail establishment in Florida. Respondent maintains a residence in Brooklyn at this time and is listed in the Brooklyn Telephone Directory. The Board of Elections of the state of New York issued to the respondent the privilege of casting his ballot as an absentee voter.

In light of the facts and the authorities, it is clear that at all times the respondent has maintained a residence in the United States. Luria v. United States, 231 U.S. 9, 34 S.Ct. 10, 58 L.Ed. 101; United States v. Knight (D.C.) 291 F. 129; United States v. Knight (C.C.A.) 299 F. 571; United States v. Sharrock (D.C.) 276 F. 30; United States v. Rovin (D.C.) 12 F. (2d) 942; Perrone v. United States (C.C.A.) 26 F.(2d) 213; United States v. Yatsevitzh (D.C.) 33 F.(2d) 342; United States v. Grenfeld (D.C.) 34 F.(2d) 349; United States v. Patterson (D.C.) 4 F.Supp. 693. It was never his intention to become a citizen of Cuba or of any other country except the United States.

The bill of complaint should be dismissed. Settle findings and decree on notice.