## UNITED STATES v. MANCINI.

### No. 4089.

District Court, M. D. Pennsylvania.

Sept. 14, 1939.

Fred V. Follmer, U. S. Atty., of Milton, Pa.

Abram Salsburg, of Wilkes-Barre, Pa., for defendant.

JOHNSON, District Judge.

This is a petition by the United States of America to cancel the Certificate of Citizenship granted September 26, 1923, to Antonio Mancini by the United States District Court in and for the Middle District of Pennsylvania. The petition alleges that Mancini procured the issuance of the certificate through fraud by concealing material facts as to his moral character by falsely testifying under oath that he had never been arrested or charged with crime. The defendant denies having been asked the question of prior arrest. The matter is before the court on a rule to show cause why this certificate should not be set aside and canceled.

Section 4 of the Naturalization Act of June 29, 1906 (8 U.S.C.A. § 382), provides: "It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has * * * [for] five years at least * * * behaved as a man of good moral character * * *."

The law is clear that the disputed question is proper as bearing on the moral character of the alien. If the question were asked, falsely and fraudulently answered, and if the United States proved these facts by a preponderance of the evidence, the Certificate of Citizenship should be canceled: Gaglione v. United States, 1 Cir., 35 F.2d 496; United States v. Saracino, 3 Cir., 43 F.2d 76; United States v. Rovin, D.C., 12 F.2d 942.

After a careful examination of the entire record, and particularly of all the testimony, the Court is satisfied that the disputed question was asked the defendant Mancini, that he did falsely and fraudulently answer and so misrepresent material facts concerning his moral character, and

that the United States has satisfactorily met the burden of proof imposed upon it in this proceeding.

■ It should be noted that preponderance of the evidence does not mean preponderance in amount, but in weight. That the government's evidence is not more full and complete on questions and answers at the preliminary examination is due to the lack of a requirement. in 1923 for the examiner to make a written report. However, the evidence offered of those questions and replies is sufficiently clear and complete to sustain the decision reached.

In determining the disposition of this case the Court has not been unmindful of the long term of years, forty-one, during which defendant's right to remain in the United States was not questioned, but unfortunately the evidentiary force of such a lengthy period is broken down by the unsavory list of arrests which attaches to this defendant's record.

It is therefore ordered that the petition of the United States of America be granted, and that the rule to show cause why the. certificate of citizenship should not be set aside and canceled be and the same is hereby made absolute.