## UNITED STATES v. COHEN.

### No. 5586.

District Court, D. New Jersey.
March 27, 1940.

John J. Quinn, U. S. Atty., and Charles A. Stanziale, Asst. U. S. Atty., both of Trenton, N. J., for the Government.

Horowitz & Cohen and Harry J. Weiner, all of Elizabeth, N. J., for defendant.

FAKE, District Judge.

This is a suit to cancel a decree of naturalization granted to the defendant Rose Schachter on February 23, 1928. She was a native of Austria and came to the United States twenty-five years ago. She was employed here and remained here continuously, save for some short visits with relatives in Canada, until March of 1930, when she married her present husband, Archie Cohen, and went to live with him in Montreal, where she has since resided.

Some two months after her marriage, she called at the office of the American Consul at Montreal for the purpose of ascertaining whether she had to do anything to preserve her United States citizenship and she left there with the idea that nothing had to be done about it. Since her removal to Canada she has returned to the United States two or three times a year and has sought employment or business opportunities for her husband here, in which she was unsuccessful because of the depression. Since the institution of these proceedings she has sought a passport for her husband to enter the United States.

She has testified that in moving to Canada to marry, it was not her intention permanently to reside there. She was neither married nor engaged to be married to her

husband when she was naturalized in 1928 and she had no idea whatever at that time that she would leave this country permanently. She had friends and relatives here to whom she was and has been attached. She had no intention of making Canada her permanent home, but on the contrary, intended to return to the United States as soon as her circumstances would permit. I believe her.

It should be borne in mind that the issues here arose prior to the breaking out of the present armed conflict in Europe, and therefore defendant's testimony was not colored by a desire to seek safe refuge in this country. Her appearance in court and the way she responded on the witness stand, as well as the probabilities of the situation presented, convinces me of her integrity.

This action is founded upon Section 15 of the Act of June 29, 1906 (8 U.S.C.A. § 405), the pertinent part of which reads as follows: "If any alien who shall have secured a certificate of citizenship under the provisions of this chapter shall, within five years after the issuance of such certificate, return to the country of his nativity, or go to any other foreign country, and take permanent residence therein, it shall be considered prima facie evidence of a lack of intention on the part of such alien to become a permanent citizen of the United States at the time of filing his application for citizenship, and, in the absence of countervailing evidence, it shall be sufficient in the proper proceeding to authorize the cancellation of his certificate of citizenship as fraudulent, * * *."

In United States v. Marini, D.C., 16 F. Supp. 963, 965 and referring to the above statute, Judge Woolsey said: "Owing to this peculiar structural instability of decrees and orders in naturalization, a proceeding such as this under the said section 15 should not be successful unless the fraud or illegality complained of by the government as leading to granting of the order of naturalization, and the certificate of citizenship issued in pursuance thereto, be proved by the clearest and most satisfactory evidence, for it is obviously unfair that an alien who has become a citizen should feel that his citizenship is an unstable status which can be easily destroyed by government proceedings against him * * *. This is peculiarly true in this cause, for a decree for the government herein would probably lead to the defendant's deportation."

To the same effect, see United States v. Yatsevitch, D.C., 33 F.2d 342; United States v. Patterson, D.C., 4 F.Supp. 693; United States v. Knight, 9 Cir., 299 F. 571, affirming, D.C., 291 F. 129; United States v. Grenfeld, D.C., 34 F.2d 349, and Perrone v. United States, 3 Cir., 26 F.2d 213.

My conclusion is that the Government has not established fraud either actual or constructive by the defendant in this case, and the statutory presumption has been overcome by "countervailing" evidence. The complaint will therefore be dismissed.