**UNITED STATES v. BRASS.**

Civ. No. 1491.

District Court, E. D. New York.

March 18, 1941.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y., for Eastern District of New York (Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

Samuel B. Weisinger, of New York City, for defendant.

CAMPBELL, District Judge.

This action is brought to vacate, cancel and set aside the Certificate of Naturalization No. 2,378,069 and the order entered on the 8th day of February 1927, Petition No. 65909, whereby the defendant was admitted to be and become a citizen of the United States of America, on the grounds that the naturalization of the said Jacob Brass was fraudulently and illegally procured in violation of the 2nd and 4th subdivisions of Section 4 of the Act of June 29, 1906, 34 Stat. 596, 8 U.S.C.A. §§ 379, 380, 382, in that his testimony given during said examination and preliminary hearing, that he had not been arrested for or convicted of any crime, was willfully and knowingly false; and he did not behave as a person of good moral character during the period required by law, and for an injunction.

The paragraph of the complaint herein numbered Third reads as follows: "Third: That during an examination conducted by then United States Naturalization Examiner Louis Fried on October 22, 1926, the said Jacob Brass testified under oath that he had never been arrested for or convicted of any violation of law, and gave similar testimony under oath during the preliminary hearing conducted by then United States Naturalization Examiner R. B. Lash, who was duly designated by said Court to conduct such hearing; that said petition for citizenship was verified by the affidavits of Lena Beilech and Louis Levin,

each of whom alleged therein he (she) had personally known the said Jacob Brass to have resided in the United States and State of New York continuously since April 1, 1921, and had personal knowledge that he was a person of good moral character, attached to the principles of the Constitution of the United States, and was qualified in every way, in the opinion of affiants, to be admitted as a citizen of the United States."

The allegations of that paragraph the defendant admitted in the First paragraph of his answer which reads as follows: "First: The defendant admits paragraph 'Third' of the complaint herein except that he denies that he willfully concealed that he had ever been arrested for or convicted of any violation of law."

The paragraph of the complaint herein numbered Fourth reads as follows: "Fourth: That in truth and fact the said Jacob Brass was arrested on January 13, 1921, at Paterson, New Jersey, on a charge of being a pickpocket, and was fined $25. The said Jacob Brass was arrested there on March 27, 1923, as a disorderly person (pickpocket) and forfeited $10 bond. He was convicted on January 17, 1924, of disorderly conduct in the Second District Magistrate's Court, New York City, and sentenced to imprisonment for six months. The said Jacob Brass was convicted on June 20, 1924, of grand larceny in the General Sessions Court, New York City, and sentenced to imprisonment for three months. The said Jacob Brass was convicted on April 19, 1925, of disorderly conduct in the Fourth District Magistrate's Court, New York City, and was sentenced to imprisonment for six months. That all but the first of these offenses occurred during the five-year statutory period preceding the filing of said petition for citizenship."

The allegations of the said Fourth paragraph of the complaint herein were admitted by the defendant by his failure to deny them in his answer filed herein.

It thus appears that the defendant was during the five-year period prior to the filing of his petition for naturalization on a number of occasions convicted of crime, which he admitted on the trial herein and a certified copy of one of the convictions which was for a felony was received in evidence.

It further appears that when examined by the Examiner after filing his petition for naturalization and before the hearing before the Court the defendant under oath on two occasions testified that he had never been arrested for or convicted of any violation of law.

We thus have a situation where it was not a failure to answer a question of which complaint is made but of one where the defendant testified falsely before the Examiner designated pursuant to law to make such examination, and I cannot see any escape from the willfullness of the act.

Defendant offered as a separate defense that he could not read or write English, except to sign his name, and also impairment of hearing, and that he did not willfully conceal any facts from the Government. As to the deafness, I am pursuaded that the defendant could hear much better than he was willing to admit, as he answered my questions without too much effort. Although defendant urges that he could not read or write English, he admits by his answer that he testified before each of the two Designated Examiners, named in the complaint herein, when examined by him that he had never been arrested for or convicted of any violation of law.

Defendant also pleads as a separate defense that the matters alleged in paragraphs Third, Fourth and Fifth of the complaint herein are matters of public record and that because of the failure of the Government to act thereon for more than fourteen years the plaintiff should be deemed to have acquiesced in the citizenship of the defendant, and should now be barred from asserting the right to have the Certificate of Citizenship of the defendant cancelled.

The records in question are not records kept by officers, agents or servants of the United States, nor even of records in the Eastern District of New York, where the application for citizenship was filed nor were all of the convictions under the name of the defendant as given in the naturalization petition, and in the face of the sworn statements of the defendant that he had never been arrested for, or convicted of a violation of law, the Government was under no obligation to inquire all over the country to ascertain whether the defendant had ever been convicted of a violation and the Government is not by reason thereof barred or estopped from obtaining the relief prayed for herein.

The Government in this case is suing in its capacity as a sovereign and there is no applicable statute of limitations,

therefore, the doctrine of laches does not apply. United States v. Ali, D.C., 7 F.2d 728.

 This leaves for consideration the separate and distinct defense alleged by the defendant, as follows: "Fifth: That more than five years have elapsed since the 8th day of February, 1927, the date of the granting of the petition admitting the defendant to citizenship, and by reason of Section 791 of Title 28 of the U.S.Code [28 U.S.C.A. § 791], this action is barred."

The statute of limitations, Title 28, Section 791, U.S.C.A. cited by the defendant, which related to suits or proceedings for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States, does not apply in the action at bar. The action at bar is not brought to deprive a litigant of the fruits of a successful controversy in the Courts, as the proceedings for naturalization are not in any proper sense adversary proceedings, but are ex parte and conducted by the applicant for his own benefit. Johannessen v. United States, 225 U.S. 227, 241, 32 S.Ct. 613, 56 L.Ed. 1066; United States v. Ali, D.C., 7 F.2d 728, 730.

No alien has any moral or constitutional right to retain the privileges of citizenship unless all statutory requirements have been complied with. Johannessen v. United States, supra; United States v. Ginsberg, 243 U.S. 472, 37 S.Ct. 422, 61 L.Ed. 853.

In United States v. Kichin, D.C., 276 F. 816, 821, it is said "Many cases are to be found wherein actions such as this were brought more than five years after the issuance of the certificate of naturalization" and cited numerous cases.

Naturalization proceedings are not like an ordinary suit or action. United States v. Gokhale, 2 Cir., 26 F.2d 360.

For the extent of the remedy afforded by Section 15 of the Act, 8 U.S.C.A. § 405, see United States v. Ness, 245 U.S. 319, 325, 38 S.Ct. 118, 62 L.Ed. 321.

There is no limitation in the Act of 1906 of the time of the Government to move to vacate the certificate under conditions such as are shown in the case at bar.

United States v. Maillard, 26 Fed.Cas. 1140, No. 15709, cited by defendant, is clearly distinguished as it is not a case in which naturalization proceedings are involved but a case in which a judgment of a Court in an action is involved, and it is not in point.

The evidence in the case at bar is clear and convincing even beyond reasonable 'doubt that the certificate of naturalization of the defendant was fraudulently and illegally procured.

A decree may be entered in favor of the plaintiff against the defendant as prayed for in the complaint with costs.

Settle decree on notice, submit proposed findings of fact and conclusions of law in accordance with this opinion.