## UNITED STATES v. FAVORITO.

### Civil Action No. 21886.

District Court, N. D. Ohio, E. D.

Dec. 7, 1945.

Don C. Miller, U. S. Atty., of Cleveland, Ohio, for plaintiff.

Edward Lamb, of Toledo, Ohio, and Samuel Handelman and Russell N. Chase, both of Cleveland, Ohio, for defendant.

JONES, District Judge.

The defendant, a native of Italy, was granted citizenship by this Court on February 14, 1941. This is a denaturalization proceeding, under Section 338 of the Nationality Act of 1940, 8 U.S.C.A. § 738, to set aside defendant's naturalization on grounds that it was fraudulently and illegally procured in that: (a) Defendant did not make a full disclosure of his criminal record during the examination had in connection with his naturalization. (b) He

did not take the oath of allegiance to support and defend the Constitution and laws of the United States and bear true faith and allegiance to the same in good faith. (c) He did not behave as a person of good moral character, attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the United States during the period required by law.

The complaint alleges that defendant had been arrested and convicted several times in addition to those disclosed during his naturalization proceedings, that he had been discharged from the United States Army under other than honorable conditions because of desertion, that he had made false oaths that he was born in the United States in order to vote in several general and primary elections, that he had falsely represented himself as being an American citizen on various other occasions, and that he concealed those facts during the naturalization proceedings.

The case is presently before the Court on a motion to dismiss the complaint and for a summary judgment on grounds that: (1) "The complaint, not being verified, is not in conformance with the statutes of the United States authorizing the District Attorneys to bring actions for the cancellation of citizenship certificates." (2) The complaint does not state facts which constitute grounds for cancellation of certificates of citizenship.

■ Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that, "Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit." There is no rule or statute requiring that the complaint in cases of this type must be verified. 8 U.S.C.A. § 738(a) provides that:

"It shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings * * * for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground of fraud or on the ground that such order and certificate of naturalization were illegally procured."

It has been held that the affidavit mentioned in the above statute is not jurisdictional and that a United States district attorney has full authority to institute an action of this type sua sponte without the filing of an affidavit. Schwinn v. United States, 9 Cir., 112 F.2d 74; United States v. Knight, D.C.Mont., 291 F. 129; United States v. Schuchhardt, D.C.Ind., 48 F. Supp. 876.

■ In ruling on this motion, all of the allegations of the complaint must be accepted as true. When so considered, the complaint states sufficient grounds for cancellation of a certificate of naturalization. Where an alien procures his certificate of naturalization by falsely and fraudulently testifying that he has never been arrested or charged with any crime, his certificate may be cancelled. United States v. Saracino, 3 Cir., 43 F.2d 76; United States v. Brass, D.C.N.Y., 37 F.Supp. 698; United States v. Mancini, D.C.Pa., 29 F.Supp. 44.

The defendant relies on Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796, in which the Supreme Court held that an alien's membership in the Communist Party at the time of his naturalization was not sufficient to authorize cancellation of his certificate. In that case, however, the Supreme Court found that the petitioner's conduct had been "law abiding in all respects" and that he had "never been arrested, or connected with any disorder." See opinion by Justice Murphy, 320 U.S. p. 134, 63 S. Ct. 1341.

For the above reasons, the motion will be overruled.