**CARON   v.   FRANKE et al.**
**Civ. No. 5738.**

United States District Court,
W. D. New York.
June 14, 1954.

Martin R. Bradley, Jr., Buffalo, N. Y., for plaintiff.

Chester McNeil, Buffalo, N. Y. (George L. Grobe, Buffalo, N. Y., of counsel), for defendants.

KNIGHT, Chief Judge.

This action was tried to the Court without a jury. Plaintiff seeks to re-

cover money damages for defendants' negligence. The testimony is to the effect that defendants owned certain premises whereon they operated a store to which plaintiff, at the time of the accident, was making her way as an intended customer; that near the inward side of the sidewalk defendants had placed a 16 inch wire fencing to keep persons from making a short cut across the lawn or garden plot to the store entrance; that it was near dusk and that there were street lights, flood lights at the upper front corner of the building, a light in the entrance and neon lights in the windows and fluorescent lights in the store.

Plaintiff claims that the fence was lying on the sidewalk; that she tripped over a loop of wire and fell, causing her severe injuries.

Defendant and a disinterested witness were attracted to the plaintiff; that both men saw plaintiff down and came out of the store and helped her to her feet; that it was not dark at the time; that the fence was in place along the sidewalk; that plaintiff stated to the two men that she fell because she was "clumsy" and did not then claim to have been injured by the fall. Defendants further testified that the fence had been maintained at that place for years prior to the accident and that no accident had occurred, nor had there been any complaint respecting the fence.

In view of the testimony relative to whether the fence was standing in place or that there was a loop of wire from the fence lying on the sidewalk, the preponderance of the evidence is that the fence was in place and was not lying on the sidewalk. The testimony of the plaintiff is not supported but stands alone, while the defendant Fred Franke and the disinterested witness, King, have testified that no part of the fence was lying on the sidewalk. In such a dispute of fact, when all of the witnesses are equally positive and equally credible, and one story is as plausible as the other, the party presenting two witnesses must prevail over the party presenting but one, Mumpton v. The Dale, D.C., 46 F. 670; Erie R. Co. v. Fritsch, 3 Cir., 72 F. 766, certiorari denied 293 U.S. 620, 55 S.Ct. 213, 79 L.Ed. 708; Rodi v. Dean, 7 Cir., 138 F.2d 309; Norguet v. Paramount Worsted Mills, C.C., 177 F. 970, which is another manner of expressing the more familiar rule that the number of witnesses does not control, rather the weight of the evidence must prevail, United States v. Mancini, D.C., 29 F.Supp. 44; Lilienthal's Tobacco v. United States, 97 U.S. 237, 24 L.Ed. 901; Northern Nav. Co. v. Minnesota Atlantic Transit Co., 8 Cir., 49 F.2d 203, 207.

Defendants may have judgment dismissing plaintiff's complaint. Present findings of fact and conclusions of law in accordance with the foregoing.