## UNITED STATES v. UNGER.

District Court, S. D. New York. April 9, 1928.

1. Aliens ⊙⊐62(5)—Granting citizenship to applicant who had committed adultery within five years previous held illegal; "good moral character" (Naturalization Act, § 4 [8 USCA § 382]).

Applicant for naturalization, having committed adultery, has not maintained good moral character within Naturalization Act, § 4 (8 USCA § 382), requiring maintenance of such "good moral character" for five years preceding granting of citizenship papers, and admission of such person to citizenship is illegal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Moral Character.]

**2. Aliens ⬯71½(10)—Proper method for canceling certificate of naturalization illegally issued is by suit in equity to set aside decree (Naturalization Act, § 15 [8 USCA § 405]).**

Proper method for canceling certificate of naturalization which had been illegally issued is by suit in equity under Naturalization Act, § 15. (8 USCA § 405), to set aside decree granting citizenship.

**3. Aliens ⬯70—Decree granting citizenship is not res judicata in subsequent suit in equity by United States to set aside decree (Naturalization Act, § 15 [8 USCA § 405]).** ·

Decree of state court or United States District Court granting citizenship is not res judicata in subsequent proceeding by the United States under Naturalization Act, § 15 (8 USCA § 405), to set aside decree granting citizenship, though United States entered appearance in original proceeding and unsuccessfully raised same question involved in subsequent suit in equity.

In Equity. Application by the United States to set aside a decree of the Supreme Court of the state of New York, New York county, granting citizenship to Irving Unger. Decree canceling certificate of naturalization.

Charles H. Tuttle, U. S. Atty., and Jacob Meirowitz, Asst. U. S. Atty., both of New York City.

Anna Moscowitz Kross and Jerome Steiner, both of New York City, for respondent.

GODDARD, District Judge. This is a petition by the United States under section 15 of the Naturalization Act (Act of June 29, 1906, 34 Stat. 596, 601 (Comp. St. § 4374; 8 USCA § 405), to cancel and set aside a decree of the Supreme Court of the state of New York, New York county, granting citizenship to the respondent, Unger, on the ground that it was illegally issued. The facts are as follows:

The respondent, Unger, is a resident of the state of New York. On or about March 14, 1924, the Supreme Court of New York entered a decree admitting him as a citizen of the United States, although it was "brought to the attention of the Supreme Court on the final hearing in such proceedings that a final decree of divorce had been duly entered against the respondent on or about May 1, 1923, granting a divorce to his wife upon the ground that the defendant in said proceedings (respondent herein) had, on or about March 29, 1922, committed adultery in the city of New York, borough of Manhattan, and that the United States had opposed in such naturalization proceedings the granting of a decree of citizenship on the ground that the respondent had not behaved as a man of good morals, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same, for a period of five years immediately preceding the date of respondent's application." It has been stipulated:

"That respondent's answer be deemed amended to plead as a separate and distinct defense, by way of res adjudicata, that the decree alleged in the petition herein made and entered on March 14, 1924, is conclusive upon this court and a bar to the alleged cause of action herein, and that said Supreme Court in said proceedings duly instituted by respondent, did duly find that the respondent had behaved as a man of good moral character for the period prescribed by section 4 of the Act of June 29, 1906 [8 USCA § 382], and that such finding is conclusive upon this court and a bar to the alleged cause of action herein."

Section 15 of the Naturalization Act authorizes United States district attorneys to institute proceedings to set aside and cancel certificates of citizenship which have been illegally procured.

[1] Section 4 of the Naturalization Act provides that it must appear to the satisfaction of the court admitting the alien that he was for five years immediately preceding his admission to citizenship a man of good moral character.

Under the accepted standard in this country, a person committing adultery is an immoral person, and, when this fact appears as it did in this proceeding, it conclusively follows that the applicant has failed to show that he has maintained a good moral character for the five years preceding the granting of citizenship papers, and admission of such a person to citizenship is contrary to the provisions of the statute and illegal.

[2] It is settled that, where a certificate of naturalization is illegally issued, it should be canceled, and the proper method for doing it is the one here adopted, United States v. Spohrer (C. C.) 175 F. 440; United States v. Mulvey (C. C. A.) 232 F. 513, whether the certificate was granted by a state court or by a District Court of the United States.

In United States v. Ginsberg, 243 U. S. 472, at page 475, 37 S. Ct. 422, 425 (61 L. Ed. 853), Mr. Justice McReynolds, referring to a naturalization certificate, states:

"No alien has the slightest right to naturalization unless all statutory requirements are complied with; and every certificate of citizenship must be treated as granted upon condition that the Government may challenge it as provided in section 15 and demand its cancellation unless issued in accordance with such requirements. If procured when prescribed qualifications have no existence in

fact it is illegally procured; a manifest mistake by the judge cannot supply these nor render their existence nonessential."

[3] A decree of the state court or of the United States District Court granting citizenship is not res adjudicata, nor is the United States estopped by such decree, although it entered its appearance in the proceeding and unsuccessfully raised the same question. The proceeding under section 15, which provides for a suit in equity being brought by the district attorney to cancel a certificate of naturalization, is not in a strict sense an appeal, but is in the nature of an added or cumulative remedy for correcting an error in the original proceeding. United States v. Ness, 245 U. S. 319, 38 S. Ct. 118, 62 L. Ed. 321; United States v. Ginsberg, supra; Tutun v. United States, 270 U. S. 568, 46 S. Ct. 425, 70 L. Ed. 738; Johannessen v. United States, 225 U. S. 227, 32 S. Ct. 613, 56 L. Ed. 1066.

In United States v. Ness, supra, Mr. Justice Brandeis, at page 327 (38 S. Ct. 121), states:

"But in our opinion section 11 [8 USCA § 399] and section 15 [8 USCA § 405] were designed to afford cumulative protection against fraudulent or illegal naturalization."

It follows from the above that the petition to cancel the certificate of naturalization should be granted. This is consistent with the conclusion reached by Judge Campbell in United States v. Wexler (D. C.) 8 F. (2d) 880, where the facts are somewhat similar.

Accordingly a decree may be entered canceling the respondent's certificate of naturalization.