## UNITED STATES v. TAPOLCSANYI.

District Court, W. D. Pennsylvania. March 21, 1929.

No. 1537.

John D. Meyer, U. S. Atty., and Raymond D. Evans, Asst. U. S. Atty., both of Pittsburgh, Pa.

Maurice Chaitkin and Henry Ellenbogen, both of Pittsburgh, Pa., and Isaac E. Ferguson, of Chicago, Ill., for defendant.

GIBSON, District Judge. In the present proceeding the government seeks to vacate the order of court made on December 20, 1920, whereby the defendant was admitted to citizenship. It is alleged on the part of the government that this order was obtained by means of false statements made by the defendant in his application for admission to citizenship and in taking the oath of allegiance. In his application he stated that he was "attached to the principles of the Constitution of the United States." In his oath of allegiance he alleged that he would support and defend the Constitution and laws of the United States against all enemies, foreign and domestic, and that he would bear true faith and allegiance to the same. The defendant, while admitting membership, at the present time, in a party which opposes the division of the world into distinct governments, and looks to the Soviet of Russia as its present leading and authoritative body, has denied the falsity of his statements as made prior to, and at the time of, his admission to citizenship. While admitting that he is opposed to the present form of government of the United States, and in favor of a government entirely by a class composed of laborers and farmers, he denies that on his admission he favored an overthrow of the present form of government by force, and further asserts that despite his present party affiliations, he does not seek to bring about his desired change by any other method than by ballot.

Without elaborating upon the defendant's beliefs, we have no difficulty in finding from the testimony that he is not, at the present time, attached to the principles of the Constitution of the United States. But that finding does not determine the decree to be made in the instant action. The matter for determination under the pleadings is the mental attitude of this defendant toward the government of the United States at the time of his application for, and admission to, citizenship. An examination of the testimony will disclose, we think, that the defendant was not attached to the principles of the Constitution of the United States, and was not disposed to bear true faith and allegiance to the same. Mental attitude is sometimes difficult of determination. In the present case, however, we have direct declarations of this defendant, according to the testimony, which make it plain, we think, that the defendant, when he sought citizenship, did so with the intent to destroy, rather than to maintain, the government of the United States. To an emigrant inspector, prior to his application for admission, he stated that he was opposed to organized government. In a letter to his brother in Hungary, written less than a year after his admission, he berates his brother for being "patriotic," and alleges that he (defendant), for eight years, has been "a pure, red Communist." He also admonishes his brother that workmen have only one country and that is Soviet Russia. He tells his brother: "If you will have your interests with the International Workingman, the leader of which is the III Communist International, then you will be my brother and fellowman."

In view of these declarations of the defendant, it seems quite plain that, when seeking admission, he did not have an intention to support the Constitution of the United States and its form of government, but

sought, as an internal enemy, to do it greater damage than was possible from him as an external enemy. We find that the allegations of fact contained in the bill have been sustained. Let a decree be prepared in accordance with such finding.