## UNITED STATES v. BISCHOF.

### No. 188.

Circuit Court of Appeals, Second Circuit.

April 13, 1931.

George Z. Medalie, U. S. Atty., of New York City (Frank W. Ford, Asst. U. S. Atty., of New York City, of counsel), for the United States.

William E. Riseley, of New York City, for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellant filed this bill in equity under section 15 of the Naturalization Laws (34 Stat. 601, 8 U. S. C. § 405 [8 USCA § 405]) for the cancellation of appellee's certificate of naturalization. Appellee's application for citizenship was filed in the Supreme Court, Sullivan county, N. Y., May 15, 1925, and he was admitted to citizenship June 23, 1928. At the time of the hearing on his application, the Department of Labor was represented. It was made to appear that on January 30, 1925, the appellee was sued for absolute divorce on the ground of adultery, in the New York Supreme Court, and there was a finding that he had committed the offense charged. There was no defense entered to the divorce action. The government objected to his admission, not on the ground that the Immigration Law had not been followed, but because the applicant had not proven he was of good moral character and of good behavior within the five years previous to his application. The objection was not sustained. Thereafter this bill was filed.

It is conceded "that all the facts which are now presented to the Court were presented to the Supreme Court at the time of the granting of the certificate of naturalization." The court below dismissed the bill for want of equity. 35 F.(2d) 186. The Naturalization Act of June 29, 1906 (34 Stat. 596) provides:

"Sec. 4. That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise:
* * *

"Fourth. It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States five years at least, and within the State or Terri-

tory where such court is at the time held one year at least, and that during that time he has behaved as a man of good moral character. * * *" 34 Stat. 598, U. S. C. title 8, § 382 (8 USCA § 382).

"Sec. 11. That the United States shall have the right to appear before any court or courts exercising jurisdiction in naturalization proceedings for the purpose of cross-examining the petitioner and the witnesses produced in support of his petition concerning any matter touching or in any way affecting his right to admission to citizenship, and shall have the right to call witnesses, produce evidence, and be heard in opposition to the granting of any petition in naturalization proceedings." (34 Stat. 599, U. S. C. title 8, § 399 (8 USCA § 399).

"Sec. 15. That it shall be the duty of the United States district attorneys for the respective districts, or the Commissioner or Deputy Commissioner of Naturalization, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured. * * *" 8 USCA § 405.

■■ The behavior of a man of good moral character is as necessary a qualification to naturalization as other requirements of the statute. United States v. Ness, 245 U. S. 319, 38 S. Ct. 118, 62 L. Ed. 321. There are several unreported District Court cases cited to us supporting the government's position that adultery proved justified cancellation under section 15 because such an applicant had not met the statutory requirement of good behavior. But the difficulty here is that the state court, which granted the application for citizenship to the appellee, knew that a divorce had been granted and that it was based upon the charge of adulterous conduct. The only issue raised in the state Supreme Court was whether section 4, subdivision fourth, of the June 29, 1906, act (8 U. S. C. § 382 [8 USCA § 382]), referring to good behavior of the appellee, had been complied with. That issue was decided in appellee's favor, but, where essential prerequisites to a valid order of naturalization are lacking, as, a certificate of arrival (United States v. Ness, supra), cancellation will be granted under section 15. Such a certificate of citizenship is illegally granted. In the Ness Case, the court said (245 U. S. 325, 38 S. Ct. 118, 121, 62 L. Ed. 321):

"The remedy afforded by Section 15 for setting aside certificates of naturalization is broader than that afforded in equity, independently of statute, to set aside judgments, * * * but it is narrower in scope than the protection offered under Section 11. Opposition to the granting of a petition for naturalization may prevail, because of objections to the competency or weight of evidence or the credibility of witnesses, or mere irregularities in procedure. A decision on such minor questions, at least of a state court of naturalization, is, though clearly erroneous, conclusive even as against the United States if it entered an appearance under Section 11."

■ So where the questions of fact are determined by the court admitting to citizenship, such findings of fact are regarded as conclusive. United States v. Srednik, 19 F. (2d) 71 (C. C. A. 3); United States v. Richmond, 17 F.(2d) 28 (C. C. A. 3). The remedy of the government, if it feels aggrieved by the decision on such findings of fact, is by appeal. We pointed out the distinction between a jurisdictional prerequisite to naturalization and mere fact finding in United States v. Gokhale, 26 F.(2d) 360 (C. C. A. 2). There we held the law providing that the applicant must be a free white person must be complied with, and that a Hindu was not, and therefore could not be admitted. Section 15 grants leave to cancel a previous naturalization for fraud or illegal procurement in its inception. The causes for which a suit will lie are such as permit a court to cancel its own judgment, and Section 15 gives to one court such power over the decree of another. United States v. Richmond, 17 F. (2d) 28 (C. C. A. 3); United States v. Luria, 184 F. 643 (D. C. S. D. N. Y.).

■ The question of fact determined by the state Supreme Court in favor of the applicant formed no basis for the claim of fraudulent or illegal means used in obtaining the certificate. The government having appeared and contested the one issue before the court, it is concluded by that decision on the question of fact thus presented.

Decree affirmed.