In the Matter of the Estate of MARY MAHEL, Also Known as MARY CHUHINKO MAHEL, Deceased.

Surrogate's Court, New York County, October 4, 1934.

*Lefkowitz & Chapman*, for Paul Mahel (husband of deceased).

*Ornstein & Silverman*, for John Chuhinko (son of deceased).

DELEHANTY, S. The stipulated facts and the record of the court disclose that on June 7, 1934, a son of deceased petitioned for letters of administration and in his petition named as husband of deceased one Paul Mahel who on the same day executed a petition for his own appointment as administrator though such petition was not filed until June 13, 1934. On the latter date a decree was signed granting letters to the petitioning husband and reciting only the latter's petition, but the letters thereunder have never issued since such issuance was withheld pending the action of the court on the petition signed by the son. The latter amended his petition by omitting therefrom the designation of Paul Mahel as husband and challenged the latter's status as surviving spouse.

On the stipulated facts it is disclosed that Paul Mahel had prior to his marriage with deceased entered into a marriage with a person who survived at the time of such second marriage of Paul Mahel. That first marriage of his was not dissolved in fact until the death of his first wife in 1911. Meantime and in 1897 Paul Mahel entered into a ceremonial marriage with deceased. Several children were born of this union. Deceased and Paul Mahel continued from

the date of their marriage in 1897 and down to the death of deceased in 1934 to maintain a common matrimonial domicile. Such common domicile of course continued from 1911, the date of death of the first wife of Paul Mahel, for a period of twenty-three years until the death of deceased. In these circumstances the court must hold that there was established the relationship of husband and wife. To hold otherwise would brand as illegitimate the several offspring of this second marriage.

Counsel for the petitioning son urges the recent amendment to section 11 of the Domestic Relations Law (Laws of 1933, chap. 606, in effect April 29, 1933) as a bar to the claim of Paul Mahel to a status as surviving spouse. Since marriage is a contract the Legislature could not have abrogated a marriage validly entered into in any form authorized prior to the enactment referred to. (U. S. Const. art. I, § 10.) The amendment does not purport to affect existing marriages. It operates only on relationships entered into on or after April 29, 1933, and provides that no marriage relationship shall be recognized unless it has been solemnized in the form prescribed in section 11 of the Domestic Relations Law.

The court finds as a fact that petitioner Paul Mahel is the surviving spouse of deceased and as such entitled to administer her estate.

The decree to be entered will provide for vacating the decree entered June 13, 1934; will recite the two respective petitions of the son and husband; will recite the determination of the court here made, and will provide for the issuance of letters of administration to the surviving husband. On the coming in of the decree proof may be submitted by affidavit as to the property in the estate and the bond of the administrator will thereupon be fixed.

Submit on notice decree in conformity with the foregoing.