### UNITED STATES v. VUJNOVIC.
No. 1832.

District Court, W. D. New York.

Oct. 9, 1935.

George L. Grobe and John Carriero, both of Buffalo, N. Y., for plaintiff.

Israel Rumizen, of Buffalo, N. Y., for defendant.

RIPPEY, District Judge.

This action was brought for the purpose of canceling and declaring void a certificate of naturalization issued to the defendant by the United States District Court, Buffalo, N. Y., on June 10, 1927, on the ground that the same was fraudulently procured and also illegally issued.

The defendant, a former subject of the Kingdom of the Serbs, Croates, and Slovenes, entered the United States by way of the port of Baltimore, Md., on August 15, 1906, on the steamer Chemnitz. For more than twenty-three years the defendant has been employed by the Bethlehem Steel Company and, for at least nineteen years past, has lived at Lackawanna, N. Y., and is a man of excellent reputation, a steady worker, and has never been in any trouble and has in all respects conducted himself in an upright and proper manner. He was married at Youngstown, Ohio, and has one child, who was born outside of the United States. The defendant has not been outside of the United States since 1906. In his declaration of intention he stated that he arrived in the United States on May 17, 1906, but, contrary to the provision of the statute (8 USCA § 380), no certificate of arrival was filed with the petition for naturalization. The declaration of intention to become a citizen was executed and filed November 1, 1926. His petition for citizenship was executed and filed on January 26, 1927. In the petition he alleged that he arrived in the United States on May 17, 1906, and that he declared his intention to become a citizen on November 1, 1922.

The defendant asserts that he had no intention of committing any fraud on the government when he misstated the date of his arrival and the date of the filing of the declaration of intention. He testified that he did not know the exact date of his arrival in 1906 at the time the declaration of intention and the petition for admission to citizenship were filled out and he told the clerk who filled them out that he could not give him the exact date. His statement in this regard was not contradicted at the trial. He also states that he was told by his attorney that the petition for admission was correct and that he should sign it.

It must be held as a fact that there is no evidence before the court to indicate that the defendant willfully and intentionally made a misstatement as to the date of his arrival in the United States either in the declaration of intention or in the petition for admission. It must also be held as a fact that he did not willfully and intentionally misstate the date of the filing of the declaration of intention in the petition for admission to citizenship. Nevertheless, he is not excused because of reliance on his attorney or upon anybody else. As a matter of law, the court was without jurisdiction to grant the certificate of admission to citizenship on June 10, 1927, because two years had not expired between the date of filing of his declaration of intention to become a citizen and the date of the order of the court admitting him to citizenship (8 USCA §§ 373, 379) and because no certificate of arrival was filed with the petition for naturalization (8 USCA § 380). The certificate of admission must be set aside and canceled on the ground that it was illegally procured. Maney v. United States, 278 U. S. 17, 49 S. Ct. 15, 73 L. Ed. 156; United States v. Ness, 245 U. S. 319, 38 S. Ct. 118, 62 L. Ed. 321; United States v. Ginsberg, 243 U. S. 472, 37 S. Ct. 422, 61 L. Ed. 853; United States v. Bischof (C. C. A.) 48 F.(2d) 538. The defendant could become naturalized only upon the terms and conditions specified by Congress, and courts are without authority to change or modify the preliminary requirements for admission to citizenship. United States v. Ginsberg, supra; United States v. Spohrer (C. C.) 175 F. 440; Johannessen v. United States, 225 U. S. 227, 241, 32 S. Ct. 613, 56 L. Ed. 1066; Maney v. United States, supra; United States v. Bischof, supra.

For the reasons hereinbefore mentioned, the certificate of admission to citizenship granted to the defendant on June 10, 1927, and, being numbered 2611559, must be canceled and declared void and ordered returned to the plaintiff.

This decision may constitute the findings of fact and conclusions of law as provided by Equity Rule 70½ (28 USCA following section 723), and an order to

that effect may be entered, unless the plaintiff desires specific findings otherwise, and in that event such findings may be presented to the court for signature and will be made a part of the record herein.