## ESTRIN v. UNITED STATES.

## In re NATURALIZATION OF ALIENS.
### No. 151.

Circuit Court of Appeals, Second Circuit.
Dec. 16, 1935.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and Frank J. Parker, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

On November 7, 1934, the alien, Mischa Estrin, filed in the court below his petition for naturalization, praying that he be admitted to citizenship and that his name be changed to Morris Estrin. Over objections filed by the United States pursuant to 8 U.S.C.A. § 399, the petition was granted on March 28, 1935. The United States excepted to the order and has taken this appeal.

It is no longer open to question that the Circuit Courts of Appeal have jurisdiction to review by appeal orders of the District Courts denying or granting a petition to be admitted to citizenship. Tutun v. United States, 270 U.S. 568, 46 S.Ct. 425, 70 L.Ed. 738; United States v. Bischof, 48 F.(2d) 538, 539 (C.C.A.2). The case is properly here.

The opposition of the United States to the granting of citizenship to the petitioner is based on the ground that during the five years immediately preceding the filing of his petition, he has not "behaved as a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States," as required by section 4 of the Act of June 29, 1906, as amended by the Act of March 2, 1929 (8 U.S.C.A. § 382). Specifically, the objection is that on one occasion within this period he committed an act of adultery. Proof of the charge was made by an affidavit of the petitioner himself in which he explicitly admitted commission of the offense and that this was the ground upon which his former wife had been granted a decree of divorce on January 15, 1933.

Aliens seeking the privileges of citizenship must possess the qualifications prescribed by the statutes, and the applicant has the burden of showing by satisfactory evidence that he measures up to the required standards. United States v. Schwimmer, 279 U.S. 644, 649, 49 S.Ct. 448, 73 L.Ed. 889. Adultery is a crime under the penal law of New York, where the petitioner resided and committed the act relied upon to exclude him from citizenship. N. Y. Penal Law (Consol. Laws, c. 40) §§ 101, 102. No argument is needed to support the assertion that it is offensive to the generally accepted moral standards of the community. Under similar circumstances two District Court decisions have held that the applicant for citizenship did not meet the standard of moral behavior required by the statute. United States v. Wexler, 8 F.(2d) 880 (D.C.E.D.N.Y.); United States v. Unger, 26 F.(2d) 114 (D.C.S.D.N.Y.). Whether there might be extenuating circumstances under which a single lapse from marital fidelity should not be deemed to outweigh an applicant's general habits of conforming to the common standards of morality,

we need not consider, for none such were advanced by the petitioner. The order appealed from is reversed.