## UNITED STATES v. RUBIA.

### No. 9185.

Circuit Court of Appeals, Fifth Circuit.

March 1, 1940.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and W. A. Paisley, Asst. U. S. Atty., of Jacksonville, Fla., for appellant.

No appearance was entered for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellee, a native born Filipino, is a coast guardsman, serving his sixth consecutive enlistment. Presenting six honorable discharges, he applied for naturalization under Section 388, Title 8, U.S.C.A., authorizing Filipinos with a service record to so apply, and Section 393 of the same title, making honorable discharge certificates prima facie evidence to satisfy the requirements of residence and good moral character.[1] The examiner objected that he had not behaved as a person of good moral character, because in 1925 and 26 he had served a term for embezzlement of an automobile and because he had admitted that for six months prior to December, 1938, when he filed his petition, he had been living, as man and wife, with one Hazelle

[1] Section 382 of Title 8, U.S.C.A. provides: "No alien shall be admitted to citizenship unless * * * (3) during all the periods referred to in this section he has behaved as a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States. * * *"

Gay, a married woman, living apart from her husband. The District Judge nevertheless thought the applicant entitled to admission and admitted him to citizenship. The United States appeals, and the proceedings at the hearing not having been taken down stenographically, brings up a condensed statement of them.

Since appellee's conviction happened more than 12 years before he filed his petition, and five of his enlistments and discharges were after the conviction, it is not seriously argued here that the judgment should be reversed, because of it. The government's reliance is on the testimony of the examiner that "applicant had resided as man and wife with one Hazelle Gay, from May 1938, to December 1938, and that he had admitted to the examiner that she was a married woman living apart from her husband," and on applicant's testimony in open court that he had lived with her as man and wife from May to December. Its insistence is that since by Florida Statutes, adultery is ground for divorce, and living in an open state of adultery is punishable both by imprisonment and fine, applicant's admission is evidence of not only immorality, but crime, completely overthrowing the prima facie effect of the service and honorable discharge certificate, by showing him to be, not a person of good moral character. United States v. Wexler, D.C., 8 F.2d 880; United States v. Unger, D.C., 26 F.2d 114; Estrin v. United States, 2 Cir., 80 F.2d 105. In all of the cited cases, the applicant had applied generally under the five-year statute with no presumption in his favor raised by service certificates and honorable discharges. In all of them it was proven that the applicant had been divorced by his wife for adultery. In all of them the applicant made no denial that he had been so guilty. In the Estrin case, the court said, "Whether there might be extenuating circumstances under which a single lapse from marital fidelity should not be deemed to outweigh an applicant's general habits of conforming to the common standards of morality, we need not consider, for none such were advanced by the petitioner."

The case at bar on the record we have is an entirely different one. The District Judge here heard the applicant and ruled for him as well he might, for the record contains no word of applicant's infidelity to his wife. It shows on the contrary that at the time in question, applicant's wife was dead. It contains no word of a conscious and deliberate living in adultery. All that it shows is that applicant's wife was dead and that for six months before he filed his petition he had been living "as man and wife" with the woman in the case. In view of applicant's long record of efficient and honorable service to the United States and the presumption of good moral character which attends that record, and in view of the testimony of the case which contains no word of adultery but only of a living together as "man and wife," the District Judge may well have found that applicant, in ignorance of the barrier which prevented their being lawfully joined as man and wife, had lived with the woman as "man and wife," believing himself to be living in a lawful, though informal relation.

The District Judge, having found for applicant, we cannot say that as matter of law, the finding was wrong. The judgment is affirmed.

Affirmed.