## UNITED STATES v. KOEHLER.
### Civil Action No. 1450.

District Court, D. New Jersey.
Dec. 31, 1941.

Charles M. Phillips, U. S. Atty., of Trenton, N. J., by Thorn Lord, Asst. U. S. Atty., of Newark, N. J., for the Government.

Sidney Goldberg, of Newark, N. J., for defendant.

WALKER, District Judge.

The facts are:

Babette Koehler, the defendant, who is now a citizen of the State of New Jersey, filed a petition to become a United States citizen on April 15, 1934, and she was granted a certificate of naturalization on January 7, 1935.

On February 11, 1937, the defendant and the said Alfred Runge were married by a Justice of the Peace of the State of New Jersey. Since the ceremony they have resided in New Jersey.

On August 27, 1934, one Else Von Nuis Runge obtained a divorce from Alfred Runge in the State of Morelos, Mexico. Neither of the parties personally appeared in Mexico before the Tribunal at any time, but they were represented by Mexican counsel. At the time both the defendant and Alfred Runge were citizens of the State of New York.

Subsequent to the granting of the divorce decree the said Babette Koehler and the said Alfred Runge commenced to live together as husband and wife and to hold themselves out to the general public as husband and wife.

On March 26, 1941, the United States Attorney for the District of New Jersey brought an action pursuant to the Naturalization Laws.[1] It seeks an order setting aside, cancelling and declaring null and void the decree of naturalization and the surrender thereof.

Discussion.

A necessary qualification for citizenship is good moral character for five years immediately preceding the filing of the petition for naturalization.[2]

Babette Koehler Runge testified that after the Court of the First Judicial District of the State of Morelos, Mexico entered a final decree on August 20, 1934, divorcing Else Von Ruis Runge from her husband, Alfred Runge, she and Alfred Runge discussed liv-ing together as man and wife, and believing it was lawful to do so, they lived together as man and wife and held themselves out to the general public as man and wife.

Common law marriages were legal in New York from 1907 to 1933. They are now prohibited by Domestic Relation Law, Consol. Laws, c. 14, § 11.[3] The prohibition of common law marriages applied to the relationship in question because it was entered into after April 29, 1933.[4] In this case there is no proof before the court that Babette Koehler Runge believed or knew she was living in anything other than a lawful though informal relationship with Alfred Runge and the good faith of the parties will be presumed from the ceremonial marriage performed on February 11, 1937.[5]

Conclusion.

Judgment is entered in favor of the defendant.

4 Matter of Mahel, 155 Misc. 228, 274 N.Y.S. 625.
5 United States v. Rubia, 5 Cir., 110 F. 2d 92.