**UNITED STATES v. MARAFIOTI.**

District Court, S. D. New York.

Jan. 30, 1942.

Mathias F. Correa, U. S. Atty., and Frank J. Dufficy, Asst. U. S. Atty., both of New York City, for plaintiff.

Francis X. Mancuso, of New York City, for defendant.

RIFKIND, District Judge.

This is an action to cancel the defendant's certificate of citizenship on the ground that it was illegally and fraudulently procured in that defendant was not a person of good moral character for five years immediately preceding his admission to citizenship and in that he deceived the court with respect to his lack of good moral character and by such deception induced the court to grant the certificate.

The facts have been stipulated. The defendant's petition for citizenship was filed on February 14, 1928 and on May 25, 1928 a certificate of citizenship was issued to him based upon said petition. In his petition the defendant alleged under oath that he was married to one Johanna Cordelia, then residing in Italy. At a preliminary examination conducted by a representative of the Immigration and Naturalization Service on the date of said petition the defendant stated under oath that he was married to the aforesaid Johanna Cordelia in Italy, in 1908, and that on the date of the examination she was residing in Italy. Sometime between the date of the petition and the date of the issuance of the certificate the defendant, while still the lawful husband of the aforesaid Johanna Cordelia, went through a marriage ceremony with another woman at Bayonne, New Jersey, and thereafter defendant lived with that woman as husband and wife and still continues so to live with her.

At the final hearing on his petition the defendant did not make known to the court the change in his marital status. No discussion at all as to his marital status was had at such final hearing.

Defendant, prior to going through the marriage ceremony at Bayonne, New Jersey, had heard from acquaintances that his wife, Johanna Cordelia, in his absence, had married another man in Italy and was living with him as husband and wife, and the defendant believed such reports and thereupon considered himself free to marry.

The defendant has eight children living, the issue of his aforesaid second marriage. He has never been convicted of any criminal offense under the federal or state laws.

The statutory basis for the action is found in United States Code, Title 8, Section 382, Act of June 29, 1906, c. 3592, paragraph 4, 34 Stat. 596, 8 U.S.C.A. § 382, and in United States Code, Title 8, Section 405, 8 U.S.C.A. § 405. Indisputably at the time the application for naturalization was granted defendant was living in an adulterous relationship. The second marriage was contracted without even a

colorable dissolution of the first. In this respect the facts differ materially from those disclosed in Petition of Schlau, D. C., 41 F.Supp. 161. Had the true facts been disclosed to the court at the time of the hearing, naturalization would have been denied, Estrin v. United States, 2 Cir., 1935, 80 F.2d 105.

Defendant contends, however, that in May, 1928, the court would not have denied his application. This contention is founded upon the claim that the requirements of Section 382 as it stood at that time were fully satisfied since the good behavior standard applied only to the five years "immediately preceding the date of his application". Consequently, it is maintained that the defendant did fully satisfy the statute, and, furthermore, that the nondisclosure to the court of the change in marital status effected after the filing of the application was immaterial as well as innocent.

■ The only support for this argument is derived from the ambiguous significance which may attach to a legislative amendment. The 1929 amendment to Section 382 expressly embraces the time between petition and hearing in the good behavior period. The dictates of common sense forbid, however, the inference urged by defendant that prior to the amendment a different rule prevailed.

The few courts which have passed upon the question all frown upon the defendant's contention. In re Bonner, D.C.Mont. 1922, 279 F. 789; Turlej v. United States, 8 Cir., 1929, 31 F.2d 696; In re Nybo, 6 Cir., 1930, 42 F.2d 727.

Reason clearly supports these authorities. To suggest that the congressional policy of admitting to citizenship only persons of good moral character is to be disregarded where misconduct appears to have occurred after the application has been filed but before hearing seems absurd on its face.

■■ It is further urged by defendant that he had no intention of deceiving the court, that he did not supply the information with respect to his change of status because no questions were asked; and to demonstrate his innocence defendant calls attention to the fact that a delay in the second marriage of about a month would have rendered his naturalization immune to this attack. But this argument misses the mark. Defendant's lack of comprehension of the consequences of his bigamous mar-

riage does not render his conduct innocent. Nor is it necessary for the Government to establish wilful fraud. It is sufficient to sustain the complaint for the Government to prove that the certificate of naturalization was illegally procured. That, the Government has accomplished by proving that had all the facts been disclosed, one jurisdictional element, to wit, proof of good moral character, would have been lacking.

Judgment must, therefore, be awarded to the plaintiff.