**Petition of ZELE.**

**No. 239.**

Circuit Court of Appeals, Second Circuit.

April 28, 1942.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

Kaufman & Cronan, of New York City (Samuel H. Kaufman, Milton S. Gould, and Kenneth A. Slocum, all of New York City, of counsel), for appellant Eugene Zele.

Mathias F. Correa, U. S. Atty., of New York City (John B. Creegan, Asst. Atty. Gen., of New York City, of counsel), for the United States.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order denying the petition of Eugene Zele for naturaliza-

tion. The petitioner first came to the United States as a visitor in September, 1929. On October 19, he filed a Declaration of Intention to become a citizen as a step in the fraudulent naturalization practices which were being then forwarded among aliens by Harold Van Riper who was convicted of such offenses. United States v. Van Riper, 2 Cir., 113 F.2d 929. It was, of course, the fact that Zele had no right to file a declaration as he was not a resident and only had the status of a visitor. Moreover the declaration which he filed contained the false statement that he had entered the country for permanent residence in 1921. He stated that he signed the document without reading it and when he discovered the statement two days later was afraid "to do anything to correct it" and upon learning that the fraud had been discovered he returned in September, 1932, to Czecho-Slovakia, the country of his origin, where he resided for about two years in the City of Prague. There he married his first wife Helen Kreps, an American citizen. He was granted a visa to come to the United States as her husband and arrived at New York with her for permanent residence in September, 1934. Soon after his return he filed a preliminary declaration of intention to become a citizen dated October 1, 1934, which he filled out himself on a printed form in which he stated: "I have not heretofore made a declaration of intention." His explanation of this statement is that he was told by a woman at the information desk of the naturalization office at No. 641 Washington Street, New York, that: "it would not be necessary to mention my previous first paper, since it was admittedly invalid." The same statement was repeated in his permanent declaration of intention filed November 2, 1934. To his petition for naturalization filed February 19, 1940, he attached his declaration of intention which contained the false statement that he had "not heretofore made a declaration of intention" and in terms made the document a part of the petition.

The petitioner is a physician licensed to practice in the State of New York. An affidavit verified June 24, 1940, which he filed as part of the record before the Examiner in his proceeding for naturalization stated in addition to the facts recited above that in 1931: "I saw an advertisement in a newspaper by a lawyer named Van Riper offering to assist persons who wanted to become American citizens. I explained my case to him and he stated that he would look into the papers and that he would let me know what could be done. About six months later he got in touch with me and he then informed me that my case could then be fixed up with a little pull, and that it would cost me $400. I paid him $400 and at that time I signed a form of application for first papers. I signed this form in blank and left it there in his office. A few months later I was notified to appear in the office of the clerk of the United States District Court in Brooklyn, N. Y. I believe I signed and filed this declaration of intention in October, 1931." He also said in his affidavit that he made the statement in his preliminary declaration of intention on October 1, 1934: "that he had never previously filed a declaration of intention," on the advice of the woman at the information desk.

There is nothing in the record indicating that the government attempted to dispute the affidavit of the petitioner that he believed he "was making accurate and truthful statements in his preliminary and first declarations of intention in 1934" and "was certain that the government had complete information about the circumstances connected with my earlier declaration of intention and I would have nothing to gain by attempting to conceal the facts." There is no claim that the petitioner has committed any infraction of law or has behaved other than as a person of good moral character during the five years immediately preceding the date of his petition unless the incorporation by reference of his declaration of intention of November 2, 1934, containing the statement: "I have not heretofore made a declaration of intention" involved a deliberate reaffirmation of the untrue statement that he had not made a prior declaration.

On the above record the Examiner recommended a denial of the petition because: "Good moral character not satisfactorily established" and upon consideration of the petition and the finding and recommendation of the Examiner the District Court denied it.

The statute applicable to the present proceeding was Section 382, 8 U.S.C.A., which read as follows:

"No alien shall be admitted to citizenship unless (1) immediately preceding the date of his petition the alien has resided continuously within the United States for at least five years and within the county where the petitioner resided at the time of

filing his petition for at least six months, (2) he has resided continuously within the United States from the date of his petition up to the time of his admission to citizenship, and (3) during all the periods referred to in this section he has behaved as a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States. At the hearing of the petition, residence in the county where the petitioner resides at the time of filing his petition, and the other qualifications required by this section during such residence, shall be proved by the oral testimony of at least two credible witnesses, citizens of the United States, in addition to the affidavits required by section 379 of this title to be included in the petition."

Section 380 of Title 8, U.S.C.A. likewise provided: "At the time of filing his petition there shall be filed with the clerk of the court a certificate from the Department of Labor, if the petitioner arrived in the United States after June 29, 1906, stating the date, place, and manner of his arrival in the United States and the declaration of intention of such petitioner which certificate and declaration shall be attached to and made a part of such petition."

■ The petitioner had the burden of establishing that he had "behaved as a person of good moral character" during the five years immediately preceding the date of his petition. United States v. Clifford, 2 Cir., 89 F.2d 184, 185; United States v. Rubia, 5 Cir., 110 F.2d 92; Petition of Schlau, D.C.N.Y., 41 F.Supp. 161, 163. Good behavior *during the five year period* is the only test of moral fitness provided in the statute. It would not be reasonable to infer misbehavior during that period from the petitioner's entanglement in 1931 with Van Riper—a crooked lawyer who led aliens to seek citizenship through the use of ·false documents and lured them on by promises to speed their admission by political influence.

■ In view of petitioner's affidavit explaining the incorporation in his petition of the application of 1934 which stated that he had filed no prior declaration, we think that he should be given an opportunity to show by oral testimony that when he incorporated the declaration of November 2, 1934, in his petition he was not intending to conceal from the Examiner his earlier application of 1931, but was doing no more than formally complying with Section 380 of the Naturalization Act without any deception in mind. It must be remembered that the responsibility for granting or denying a petition for naturalization is imposed by statute upon the judge, for, although he receives the findings and recommendations of the designated examiner, he must decide whether to "approve such recommendations" and must make such exceptions as he "may deem proper." 8 U.S.C.A. § 733 (b). In this respect, naturalization proceedings differ from those for exclusion of aliens which is left to an administrative agency. On the face of the record the petitioner gave an explanation of his conduct that was not contradicted by the government and may have been honest in fact. We have nothing before us at present but his affidavit of exculpation, filed some time after his petition and we cannot say that this subsequent act was only induced by learning that the false statement in his application of 1934 had been discovered. It did not, when taken alone, justify the inference of the Examiner and the court below that he had not "behaved as a person of good moral character" during the five year period. His delinquencies in 1931 could have no bearing except on the credibility of his statements. In other words the petitioner should not have been denied citizenship without fuller information. Accordingly the order of denial should be reversed and a further hearing should then be had before the Examiner or the court upon any oral testimony or other proof which either party may desire to offer. A more adequate record in a proceeding where witnesses may be called and examined and cross examined will enable the court to determine the petitioner's behavior during the five year period and to adjudicate his rights with more certainty than from the scanty record now available.

The order is reversed and the proceeding remanded with directions to proceed in accordance with the views expressed in this opinion.