## UNITED STATES v. JAKINI.

No. 739.

District Court, W. D. Pennsylvania.

Feb. 12, 1947.

Edward C. Boyle, Asst. U. S. Atty., of Pittsburgh, Pa., for the United States.

Bernard Kaplan, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

In the complaint in this case, it is averred that the defendant, a native of Italy, filed a petition for citizenship in this Court, August 19, 1935, and that he was granted citizenship by this Court, December 20, 1935. That the certificate of citizenship was fraudulently and illegally pro-

cured, that the said defendant had not behaved as a person of good moral character during the five years preceding the filing of said petition for citizenship or during the period between the filing of said petition and the date of his admission to citizenship, in that on March 8, 1938, an Information was filed against him by the Allegheny County Board of Assistance, Department of Public Assistance, charging him with obtaining relief under false pretenses; that prior to making application for relief, defendant withdrew the approximate sum of $2600.00 from the bank; that on April 4, 1938, an Indictment was returned against defendant charging him with obtaining relief under false pretenses; that said indictment was nolle prossed by the Court of Quarter Sessions of Allegheny County upon payment of $2,000. by defendant to said Board of Assistance. That the facts are set forth in an affidavit attached to the petition which are made a part thereof. In said affidavit, it is set forth that the defendant received welfare relief in the sum of approximately $1,275.00 from October 17, 1933, to August 19, 1935, and the sum of $226.00 from August 19, 1935 to December 20, 1935; that just prior to making application for relief, defendant withdrew the sum of $2,600.00 from the bank and turned the said sum of money over to his wife and the facts as averred above, relating to the information filed against defendant, the bill of indictment which was filed and that it was nolle prossed upon payment of the aforesaid sum of money.

The bank statement offered in evidence showed the withdrawal of $2,000.00 July 15, 1932, $500.00, June 13, 1933 and the balance in the account of $163.07, August 8, 1933. The evidence does not show the exact date on which the defendant made application for relief. Defendant made a statement to an examining officer wherein he stated that he did not have a job for six or seven years; that he was on relief; that he withdrew $2,600.00 from the bank prior to his application for relief at the request of his wife and for the purpose of getting relief; that she said there were lots of people who got relief who had more

money and property than he had. He also stated that he did not know why the Government should investigate his citizenship papers because he had done a little thing like get relief when he had money at home; that he knew lots of people in the country who violate laws and are not investigated and further, that his action was by reason of what his wife had said and done.

The defendant was present in Court. He did not deny any of the aforesaid statements. The above evidence was not known by the Government at any time prior to the granting of citizenship to the defendant. This evidence, if true, constituted a lack of good moral character. See In re Paoli, D.C.Cal.1943, 49 F.Supp. 128; Petition of R———, D.C.Mass.1944, 56 F.Supp. 969.

Lack of good moral character during the period required by law, which is in this case, five years prior to the application for citizenship and continuing from the time of the application to the granting thereof, is a proper ground for the cancellation of citizenship previously granted. See United States v. Palmeri, D.C.N.Y. 1943, 52 F.Supp. 226; United States v. Marafioti, D.C.N.Y.1942, 43 F.Supp. 45. See also United States v. Tapolcsanyi, D. C., W.D.Pa.1929, 32 F.2d 385, affirmed 3 Cir., 1930, 40 F.2d 255; United States v. Mancini, D.C., M.D.Pa., 29 F.Supp. 44; United States v. Saracino, 3 Cir., 1930, 43 F.2d 76.

I am of the opinion that the evidence establishes that, during the statutory period involved, the defendant received relief; that before making application for relief, he withdrew money from the bank so that he could get relief; that he continued to receive relief while he had the withdrawn money in his possession; that upon prosecution for obtaining such money under false pretenses, he settled the case by paying $2000. to the relief authorities. This evidence discloses lack of good moral character during the statutory period, therefore the petition of the Government for cancellation should be granted.

Let an order be prepared and submitted in accordance with the above and foregoing opinion.