### DADDONA v. UNITED STATES.
No. 93; Docket 21102.

United States Court of Appeals
Second Circuit.

Nov. 29, 1948.

who has been confined in a penal institution during part of the five year statutory period can establish good moral character for the requisite time.

The facts are as follows: On June 6, 1942 Daddona was involved in an affray in the course of which he killed a man. He was indicted for murder in the second degree but the court accepted a plea of guilty to the lesser crime of manslaughter, and, on September 23, 1942, sentenced him to imprisonment in the Connecticut State Prison for a maximum term of five years and a minimum term of two years and eight months. He was released on parole on December 8, 1945, and was granted an executive pardon on May 5, 1947. During his imprisonment he was an exemplary prisoner. The district court found that since June 6, 1942 he has behaved as a person of good moral character, and concluded that he was eligible for naturalization.

The appellant concedes that under decisions of this court good moral character during the prescribed period is the only test of moral fitness prescribed by the statute. Petition of Zele, 2 Cir., 127 F.2d 578, 580; Id., 2 Cir., 140 F.2d 773, 776. Hence the crime committed on June 6, 1942 several weeks before the commencement of the five year period is no bar to his naturalization.[1] The appellant's contention is that good behavior during incarceration cannot be used as evidence of good moral character and that the statutory five year period does not commence until the alien's release from prison. Cf. In re McNeil, D.C.Cal., 14 F.Supp. 394. The statute itself prescribes no such limitation, and we see no good reason for so construing it. While it is true that the restraints of prison life circumscribe the prisoner's activities and render the opportunities to demonstrate good or bad moral character somewhat different from those existing in the community at large, nevertheless prison life is not free from temptations and the conduct of a prisoner is carefully appraised before his release on parole in order to determine whether he should be permitted to mingle freely in the communi-

Adrian W. Maher, U. S. Atty., of New Haven Conn., and Thomas J. Birmingham, Asst. U. S. Atty., of Hartford, Conn., for appellant.

Francis B. Feeley and Stephen K. Elliott, both of Waterbury, Conn., for appellee.

Before SWAN, CHASE and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by the United States from an order of May 14, 1948 granting the appellee's petition for naturalization. The objection of the Immigration and Naturalization Service to the alien's admission to citizenship was that he had not established good moral character during the five year period immediately preceding the filing of his petition on July 18, 1947, as required by section 307(a) of the Nationality Act of 1940, 8 U.S.C.A. § 707(a). The appeal is said to present a question of first impression, namely, whether an alien

[1] Cf. Repouille v. United States, 2 Cir., 165 F.2d 152, where the crime was committed within the five year period.

ty. Good behavior during incarceration may be one indication of the fitness of the applicant to assume the duties of citizenship. See In re Balestrieri, D.C.Cal., 59 F.Supp. 181, 182. The fact that the applicant has been imprisoned during a large part of the five year period immediately preceding the filing of his petition is a factor to be considered in determining whether he has established good moral character but it is not decisive as a matter of law. Good moral character for the prescribed period is a question of fact. In the case at bar that fact was found in the applicant's favor. We see no error in so finding.

Order affirmed.