## Petition of PACORA.

United States District Court
S. D. New York.
March 30, 1951.

Edward J. Shaughnessy, District Director New York District Immigration and Naturalization Service, Monroe Kroll, U.

S. Naturalization Examiner, New York City.

John C. McDermott, New York City, for petitioner.

McGOHEY, District Judge.

Salomon Pacora's petition for naturalization is opposed on the ground that he has failed to establish his good moral character for the period of five years preceding his petition which was filed on July 30, 1946.

The record discloses the following which are found to be the facts.

From some time in 1940 until some time in 1945 the petitioner cohabited with a woman to whom he was never married. They were known to their friends as man and wife, although the woman never used petitioner's name. There was no legal impediment to their marriage. The petitioner was at all times willing to contract a marriage. The woman was not.

It is urged that the Government's opposition should be overruled on the authority of Petitions of Rudder[1] and Schmidt v. United States.[2] I am unable to agree.

The Court of Appeals for this Circuit has recently said that in cases of this kind it is not "possible to make use of general principles, for almost every moral situation is unique; and no one could be sure how far the distinguishing features of each case would be morally relevant to one person and not to another."[3] Consideration of the cases relied on by petitioner demonstrates how the rule has been applied. In those it appeared that the aliens had shown in explanation, if not in justification, of the moral lapses laid against them, what are called "extenuating circumstances." These in the opinion of the judges justified admitting those petitioners to citizenship, without departing from the standard announced in Estrin v. United States.[4] There it was held that an alien whose single act of adultery supported his wife's suit for divorce had failed to establish good moral character. The Court of Appeals pointed out that, while Estrin's conduct was prompted by lust, the conduct of Schmidt and the four aliens in Rudder's case was not. They persuaded the court that their lapses "should not be deemed to outweigh [their] general habits of conformity to the common standards of morality".[5]

I am not so persuaded by the facts before me. I can find no extenuating circumstances here. This petitioner knew throughout the relationship that his paramour would not marry him and had no intention of ever doing so. Nothing was saved by the fact that they "were known to their friends as man and wife." This, under the circumstances, was sheer fraud. It in no way palliated the liaison. And under no conceivable theory can it be thought to be evidence of good moral character. No matter how difficult it may be to ascertain what is the "common conscience" on a particular set of facts,[6] if there is a conscience at all it seems to me it must hold this petitioner's conduct from 1940 to 1945, as here shown, inconsistent with good moral character.

The petition is denied.

1. 2 Cir., 159 F.2d 695.

2. 2 Cir., 177 F.2d 450.

3. Johnson v. United States, 2 Cir., 186 F. 2d 588, 590.

4. 2 Cir., 80 F.2d 105. See Johnson v. United States, note 3 supra.

5. Estrin v. United States, note 4 supra.

6. See Johnson v. United States, note 3 supra.