**Petition of McNAB.**
**No. 14732.**

United States District Court
E. D. Louisiana, New Orleans Division.
June 7, 1954.

Dean A. Andrews, Jr., New Orleans, La., for petitioner.

R. W. McPheeters, Examiner, for the United States.

WRIGHT, District Judge.

Harris Wilburn McNab, a native and national of Honduras, filed an application for naturalization on August 4, 1953, which application the Naturalization Examiner recommended be denied. The matter having come on for hearing, the court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Harris Wilburn McNab is a native of and a citizen of Honduras, Central America. He entered the United States lawfully at the port of New Orleans, Louisiana, as a permanent resident alien on May 12, 1952. He filed his petition for naturalization pursuant to the Immigration and Nationality Act, § 330 (a) (3), 8 U.S.C.A. § 1441, on August 4, 1953.

2. McNab is a person racially qualified for naturalization. Immigration and Nationality Act, § 311, 8 U.S.C.A. § 1422. He has met the residence requirements. Immigration and Nationality Act, § 316(a). He has the requisite knowledge of government and can read and write the English language. Immigration and Nationality Act, § 312. He is not a person of the subversive class. Immigration and Nationality Act, § 313. He is not of a class of persons permanently debarred from naturalization. Immigration and Nationality Act, § 101(a) (9). He is a person attached to the principles of the Constitution of the United States. Immigration and Nationality Act, § 316(a).

3. Since about September 1943, McNab has lived with a female American citizen. They have held themselves out as man and wife. They have acquired property valued at approximately $10,-000, on which they pay taxes.

4. McNab is a single male. The female, with whom he has been living, has been previously married and has never obtained a divorce. The female has instituted proceedings to terminate her marriage, and if and when that impediment is removed, petitioner and the female intend to marry.

### Conclusions of Law

1. The petitioner has failed to establish that he has been a person of good moral character for the period five years immediately preceding the date of the filing of his petition for naturalization, as required by Section 316(a) of the Immigration and Nationality Act. Johnson v. United States, 2 Cir., 186 F.2d 588; Schmidt v. United States, 2 Cir., 177 F.2d 450; Petitions of Rudder, 2 Cir., 159 F.2d 695; Estrin v. United States, 2 Cir., 80 F.2d 105; Petition of Benitez, D.C., 113 F.Supp. 105; Petition of Pacora, D.C., 96 F.Supp. 594.

2. Under Sections 316(a) and 101(f) of the Immigration and Nationality Act, the petitioner may not be naturalized.

Petition denied.