**Florence Lillian FLUMERFELT,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14641.**

United States Court of Appeals
Ninth Circuit.

March 9, 1956.

John E. Belcher, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., F. N. Cushman, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before STEPHENS, POPE, and FEE, Circuit Judges.

STEPHENS, Circuit Judge.

Our problem here is whether the District Judge erred in denying citizenship to the applicant-appellant upon the ground that she did not sustain her burden to prove that she "has been (for the statutory period) and still is a person of good moral character" as required by Section 1427(a) (3) of Title 8 U.S.C.A.[1] We hold that no error was committed.

The evidence submitted to the court showed that she entered the United States from Canada, worked for awhile as a domestic and later as a waitress in several restaurants, all but one of which was run by persons of Chinese blood. She belonged to several "bottle clubs" which were organizations where members brought their own liquors and danced. She lived at a hotel as to which there was hearsay evidence of an unsavory character. She testified that she removed therefrom upon hearing of it. Her hotel room connected with a room occupied by a man who went on automobile rides with her and others. There is only inference or suspicion that anything wrong occurred between the two in the rooms or on any of the pleasure rides,

---

1. Section 1427(a) (3) of Title 8 U.S.C.A.
   "(a) No person, except as otherwise provided in this subchapter, shall be naturalized unless such petitioner, * * *.
   "(3) during all the period referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States."

except upon one occasion. Upon this one occasion Appellant testified that while she and the man referred to were in an automobile and while she was having a weeping fit over her misfortunes, her escort comforted her with sympathy and that in these circumstances the two became sexually intimate. She steadfastly denied any other such transgression with anyone.

We are not holding that the facts revealed to us by the printed record required the trial court to hold as it did. What we are holding is that the court had the witnesses before it and was, of course, much better able to appraise the credibility of the witnesses in the factual setting than we are. We do not conceive it our duty to analyze or philosophize as to the standard laid down by the expression "good moral character" as has been done in several able opinions.[2] We think the court well could have seen the situation, as it did see it, quite questionable as to the proof of appellant's good moral character, as that phrase is quite generally used. The court did not find that the one act of indiscretion precluded her naturalization as is evident from its remarks:

> The Court: "The court would not grant the petition for citizenship on this showing, unless there is more affirmative showing of good moral character. I think a question has been raised and the court at this time would not grant the petition."

Mr. Belcher (her attorney): "Very well, your Honor."

The Court: "The petition is denied without prejudice to being renewed on a subsequent date."

Affirmed.

---

2. Estrin v. United States, 2 Cir., 80 F. 2d 105, where it was held a single act of adultery, unexplained and unpalliated was alone enough to prevent an alien's naturalization. Petitions of Rudder, 2 Cir., 159 F.2d 695, where "extenuating circumstances" involved in the commission of the act of adultery were set forth and citizenship was granted. Schmidt v. United States, 2 Cir., 177 F.2d 450, where the alien was granted citizenship even though he admitted that he "now and then * * * engaged in * * * sexual intercourse with [single] women". Petition of R.———., D.C., 56 F.Supp. 969, where the court granted the alien's petition though under the laws of Mas-

sachusetts she was guilty of fornication with a married man with whom she had gone through a marriage ceremony invalid because of the man's prior marriage. United States v. Rubia, 5 Cir., 110 F.2d 92, where the alien was granted citizenship even though he had lived with a married woman not his wife for some six months prior to the filing of his petition. See also, Brukiewiez v. Savoretti, 5 Cir., 211 F.2d 541; Matter of Manfredi (United States v. Manfredi), 3 Cir., 168 F.2d 752; Matter of Palombella (United States v. Palombella), 3 Cir., 168 F.2d 903; Application of Murra, 7 Cir., 178 F.2d 670.