### UNITED STATES v. SHARROCK.

(District Court, D. Montana. November 5, 1921.)

No. 49.

1. Aliens ⊜⇒71½, New, vol. 7 Key-No. Series—Notice held insufficient to give jurisdiction of suit to revoke citizenship.

Proceedings under 34 Stat. 601, Comp. St. § 4374, to annul citizenship, not having been fully defined, the court proceeds in conformity to its practice and rules in like proceedings. and, the suit being in equity, did not acquire jurisdiction where the subpœna was not published as required.

2. Aliens ⊜⇒71½, New, vol. 7 Key-No. Series—Clear proof required to revoke naturalization.

To deprive a naturalized alien of a citizenship, there must be full proof, and the evidence must be clear, unequivocal, and convincing.

In Equity. Proceedings by the United States against Robert Sharrock to annul citizenship. Decree for defendant.

John L. Slattery, U. S. Atty., of Helena, Mont.

BOURQUIN, District Judge. In this suit to annul defendant's citizenship, having heretofore taken an order for decree pro confesso, plaintiff proceeds ex parte and submits the cause for decision and final decree on only the files and record.

The petition or bill filed February 10, 1917, is founded upon a naturalization examiner's affidavit attached, which states that July 10, 1915, in Deer Lodge county, this state, defendant was admitted to citizenship illegally, in that therein he, then married, as "from information before him * * * affiant verily believes," willfully took

oath that he was then unmarried. The bill is only that plaintiff "represents and shows to the court" all these facts "upon information and belief," and includes a like jurisdictional averment, not in the affidavit, that defendant resides in Anaconda, said county. The usual subpoena in equity, though labeled "Notice" only, and stipulating 60 days for defendant's appearance, forthwith issued, and was promptly returned not found.

More than two years later, and July 28, 1919, petition for service by publication was filed, and order therefor made. The return thereon is that a "notice" directed to defendant, otherwise in substance and teste a subpoena, not under the court seal nor signed by the clerk, but by the marshal, was promptly published in Lewis and Clark county, this state. November 4, 1919, order was taken for decree pro confesso, and August 5, 1921, the cause was submitted as aforesaid.

[1] It is very clear decision and decree must be for defendant. The statute (34 Stat. 601; Comp. St. § 4374) confers upon courts jurisdiction of a new subject-matter without defining procedure farther than that the suit shall be brought in the district wherein the defendant then resides, that defendant "shall have sixty days personal notice in which to make answer to the petition of the United States," and, if he is absent, "such notice shall be given by publication in the manner provided for the service of summons * * * by the laws of the state."

In these circumstances the court proceeds in conformity to its practice and rules in like proceedings. Hence the suit is in equity (Luria v. U. S., 231 U. S. 27, 34 Sup. Ct. 10, 58 L. Ed. 101), and the notice referred to is the usual process and subpoena in equity of statute and rules, modified in respect to time, necessarily under the seal of the court, and signed by its clerk. R. S. §§ 911, 913 (Comp. Stats. §§ 1534, 1536); equity rule 7 (198 Fed. xx, 115 C. C. A. xx). Such subpoena was not published herein, and so jurisdiction of defendant was not acquired.

It is a question of supreme importance, but not now for decision, whether the status of a citizen constitutes a res that may have a situs apart from him, is a thing that upon his change of domicile or travel abroad remains behind, and of which courts of its locality may have jurisdiction to annul, upon constructive notice by publication to the citizen, and whether such notice constitutes due process of law. If to be answered in the affirmative, the hazards to naturalized citizens are great indeed, more so than in respect to property. For men changing domicile or traveling, leaving property behind, so far keep in touch with it that they are very likely to learn in apt time of any proceedings affecting it or their interest in it. But who, in like circumstances of change or travel, appreciates that his citizenship, instead of accompanying him in its entirety, so far remains behind that it is there subject to annulment without actual notice to him, and who undertakes to insure notice thereof to himself And yet all will concede that there ought to be legal way by which the United States can secure relief from fraudulent admissions to citizenship, though the beneficiaries have disappeared or gone abroad. If, however, the notice herein suffices, this

dilatory suit fails upon the merits. Not only the jurisdictional allegation of defendant's residence, but also that of his fraud, is upon information and belief, and without evidence in its support.

[2] In no case of like circumstances, much less in one of the character of the instant suit, will a court of equity be satisfied that justice will be done by a decree in accordance with the prayer of the bill. To. deprive a man of his priceless possession of and inestimable right to American citizenship, there must be full proof. Nothing will warrant cancellation of his grant of citizenship, but clear, unequivocal, and convincing evidence, that in quantity and quality inspires confidence and produces conviction of the truth of the charge, virtually beyond reasonable doubt.

Decree for defendant.