## ZURINI v. UNITED STATES.
### No. 14279.

United States Court of Appeals
Eighth Circuit.
June 20, 1951.

Paul J. Garrotto and James A. Nanfito, Omaha, Neb., for appellant.

Edward J. Tangney, Asst. U. S. Atty., Omaha, Neb. (Joseph T. Votava, U. S. Atty. and John E. Deming, Asst. U. S. Atty., Omaha, Neb., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This appeal challenges the validity of an order of the District Court denying the appellant's motion to vacate a decree entered on August 17, 1935, in a denaturalization proceeding initiated by the United States on March 11, 1935, under Section 15, Chapter 3592, 34 Stat. 601.[1] The decree cancelled the certificate of citizenship which had been granted to the appellant, a native of Italy, by the District Court of Douglas County, Nebraska, on May 27, 1926.

The ground upon which the United States based its petition for the cancellation of the appellant's certificate of citizenship was that it had been "fraudulently and illegally procured in that the respondent [appellant] did not at the time he applied for

1. "Sec. 15. That it shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured. In any such proceedings the party holding the certificate of citizenship alleged to have been fraudulently or illegally procured shall have sixty days personal notice in which to make answer to the petition of the United States; and if the holder of such certificate be absent from the United States or from the district in which he last had his residence, such notice shall be given by publication in the manner provided for the service of summons by publication or upon absentees by the laws of the State or the place where such suit is brought.

"If any alien who shall have secured a certificate of citizenship under the provisions of this Act shall, within five years after the issuance of such certificate, return to the country of his nativity, or go to any other foreign country, and take permanent residence therein, it shall be considered prima facie evidence of a lack of intention on the part of such alien to become a permanent citizen of the United States at the time of filing his application for citizenship, and, in the absence of countervailing evidence, it shall be sufficient in the proper proceeding to authorize the cancellation of his certificate of citizenship as fraudulent, and the diplomatic and consular officers of the United States in foreign countries shall from time to time, through the Department of State, furnish the Department of Justice with the names of those within their respective jurisdictions who have such certificates of citizenship and who have taken permanent residence in the country of their nativity, or in any other foreign country, and such statements, duly certified, shall be admissible in evidence in all courts in proceedings to cancel certificates of citizenship. * * *"

citizenship intend to become a permanent citizen of the United States of America, but merely desired to obtain the indicia of such citizenship in order that he might enjoy its advantages and protection and yet take up and maintain a permanent residence in a foreign country and thereafter he moved to Udine, Italy, where he now resides."

There was attached to the petition as an exhibit an affidavit of T. Monroe Fischer, Vice Consul of the United States at Trieste, Italy, certifying that the appellant had "established a permanent residence in Italy, a foreign country, on or about May 14, 1930, that is, within five years after his naturalization as a citizen of the United States." The affidavit then continues as follows:

"The above certification is based on the following facts:

"Amadio Zurini, in a sworn statement executed at this Consulate on March 19, 1934, stated that he ceased to reside in the United States on or about April 30, 1930. That he arrived in Italy on or about May 14, 1930. That since he established a residence abroad, he had made no visits to the United States. That he owned a share in his father's estate in Italy and that he had no business, property, or family in the United States.

"He also stated that on April 9, 1932, he was married to Maria Bravo, a citizen of Italy, who gave birth to a son on January 8, 1933. That he was employed prior to leaving the United States and that he lives in a house which he bought in 1925 or 1926 for about 3,000 lire.

"The last residence of Amadio Zurini in the United States was at 1115 So. 7th Street, Omaha, Nebraska. His present foreign address is Tarcento, Province of Udine, Italy.

"This certificate is executed pursuant to Section 15 of the Naturalization Act of June 29, 1906.

"Given under my hand and official seal at Trieste, Italy, this 4th day of December, 1934.

T. Monroe Fisher,
Vice Consul of the United
States of America."

Contemporaneously with the filing of the petition, the United States Attorney for the District of Nebraska filed an affidavit for service by publication, stating that he had been informed by the Department of State, through the affidavit of T. Monroe Fischer, Vice Consul at Trieste, Italy, and "upon such information, verily believes that this respondent [appellant], shortly after being granted this Certificate of Citizenship as above set forth, went to Tarcento, Province of Udine, Italy, and has since been residing there, and is now residing there, and that the respondent is now absent from the place of his last residence in the United States of America and that he has no domicile in the United States of America and has no place of residence in the United States of America and service of process cannot be had upon him in the United States of America."

An order of the District Court, filed March 11, 1935, after adequately describing the denaturalization proceeding brought by the Government against the appellant, and stating that, because of appellant's residence in a foreign country, usual process of law could not be served upon him, contained the following language:

"*It is therefore ordered by the court* that the said respondent, Amadio Zurini, appear before this court in Omaha, Nebraska, on or before the 14th day of June, A. D., 1935, then and there to answer or otherwise plead to the petition of the United States of America in this cause.

"*It is further ordered by the court* that a certified copy of this order be published in *The Daily Record,* a newspaper in general circulation in the City of Omaha, Nebraska, four consecutive weeks, the last publication to be at least sixty days prior to the date above mentioned for appearance by the said respondent."

The order of the court was published for four weeks, as required by the order and the statute of Nebraska relating to publication of service. The last publication was on April 13, 1935.

A certificate of T. Monroe Fischer, Vice Consul at Trieste, Italy, dated May 16, 1935, states that on May 7, 1935, he sent

"by Registered mail a letter addressed to Amadio Zurini, of Tarcento, Province of Udine, Italy, containing a copy of the petition, affidavit and order for service by publication on non-resident defendant, which has been received from the Department of Justice and that the attached document signed by Amadio Zurini is a receipt of the letter and its contents showing its delivery by the Italian Postal Authorities."

On June 20, 1935, the United States Attorney signed a praecipe directing the Clerk of the District Court to enter a decree pro confesso. The praecipe was filed June 21, 1935.

The District Court, on August 17, 1935, entered the "Decree Cancelling Certificate of Naturalization," which reads in part as follows:

"This cause coming on for trial, and it appearing to the Court that due and legal service of process has been had on the respondent [appellant], and that he has failed to appear or plead, his default was entered, and that an order taking the petition as confessed was entered of record in the office of the Clerk of the United States District Court for the District of Nebraska, Omaha Division, on June 21, 1935, and no proceedings have been taken by the said respondent since that order was entered, and more than thirty days having elapsed, and the Court being fully advised in the premises, it is

"*Ordered,* that the Decree of Naturalization of the District Court of Douglas County, Nebraska, admitting said respondent, Amadio Zurini, to be a citizen of the United States of America, which Decree was entered on May 27, 1926, be set aside, cancelled and declared null and void; and that the Certificate of Naturalization issued thereunder to the said Amadio Zurini, be also set aside, revoked and cancelled and declared null and void, and that the said Certificate of Naturalization be surrendered to the Clerk of this Court for cancellation; and that the said Amadio Zurini is hereby forever restrained and enjoined from asserting, setting up, claiming or exercising any right, benefits, privileges, immunities or protection whatsoever as a citizen of the United States of America, under said Decree of Naturalization."

No appeal was taken from the decree, and it remained unchallenged until May 4, 1950, a period of nearly fifteen years. The appellant then filed his motion, under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to set the decree aside. The grounds of his motion were, in substance: that the procedure and proof upon which the decree was based were inadequate to sustain it; that the affidavit for service by publication did not conform strictly to the statute; that what was published and mailed to the appellant was not adequate process; that the affidavit of the Vice Consul was pleading rather than proof; that the statements in that affidavit and in the petition to the effect that the appellant had established a permanent residence in Italy were untrue, and that appellant was entitled to an opportunity to establish their untruth.

The District Court was of the opinion that the proceedings and proof were in substantial conformity with the applicable law and that the decree was valid and ought not to be vacated. The opinion of the District Court is reported in 93 F.Supp. 1. We agree with the District Court that the proceedings and proof were sufficient to confer jurisdiction to enter the decree. We think it is unnecessary to add much to what is said in the District Court's opinion.

The stipulated facts show that the appellant was born in Tarcento, Italy, in 1884; that he became a terrazzo worker; that he came to the United States in 1912 and went to Omaha, Nebraska, where he was employed; that he was naturalized there in 1926; that he inherited a small piece of real estate in Tarcento from his father and in 1925 purchased a small property adjoining that which he had inherited; that he left Omaha for Italy, on account of his health, in 1930, and did not return to the United States until 1946; that, while in Italy, he lived upon the property which he had acquired there; that he married a woman of Tarcento in 1932; that two children were born to them; that he at all times claimed to be a citizen of the United States, and refused to surrender his certi-

ficate of citizenship; that he kept the American Consulate at Trieste advised of his whereabouts during his stay in Italy, and had informed it that he intended to return to the United States when his health permitted; that he has always conducted himself as a law-abiding and self-supporting citizen of the United States; that, after the end of the Second World War, he applied for a passport as a United States citizen; that the State Department regarded him as such; that he received a passport and was advanced money by the State Department to enable him to return to the United States, which money he has since repaid; that he returned to the United States in 1946, first going to Sioux City, Iowa, where he was employed, and later to Omaha, Nebraska; that in 1947 he was confronted with deportation proceedings, and was given a hearing, at which he contended that he was still a citizen; that he requested of the Immigration authorities that he be granted pre-examination for re-entry into the United States; that, upon appeal to the Department of Justice Immigration Appeals Board, in Washington, D. C., from an adverse ruling of the Immigration Inspector at Omaha, the Board granted the appellant leave to depart from the United States voluntarily and the privilege of pre-examination, enabling him to go to the nearest American Consulate in a foreign country and thereby be permitted to re-enter the United States as an alien; that he contends that until January 16, 1948, he had no knowledge that his certificate of citizenship had been cancelled; that on January 16, 1948, he was presented with a certified copy of the decree of denaturalization entered August 17, 1935; that T. Monroe Fischer, Vice Consul at Trieste, had sent the appellant a copy of the petition, affidavit, and order for service by publication, but had sent him no summons.

■ There is nothing in the applicable statute specifying any particular form of notice or process to be served upon a respondent in a denaturalization proceeding. The order of the District Court authorizing service by publication and ordering the appellant to appear, which was duly published, was, in our opinion, amply sufficient to give the District Court jurisdiction of the proceeding. The copies of the papers which were mailed to the appellant were adequate to advise him that the United States was seeking the cancellation of his citizenship and was asserting that he had procured it illegally, and within five years had established a permanent home in Italy. He was, we think, charged with knowledge of the proceeding and of the decree subsequently entered.

■ The validity of the statute under which the denaturalization proceeding was brought has been sustained by the Supreme Court in Luria v. United States, 231 U.S. 9, 34 S.Ct. 10, 58 L.Ed. 101. Compare, also, United States v. Mansour, D.C.S.D.N.Y., 170 F. 671, affirmed 226 U.S. 604, 33 S.Ct. 217, 57 L.Ed. 378. The appellant asserts, however, that under implications which may be drawn from the opinion of the Supreme Court in the recent case of Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, the District Court erred in refusing to set aside its decree. We think not. Rule 60(b) of the Federal Rules of Civil Procedure requires that a motion to vacate a judgment be made within a reasonable time, and, upon certain grounds, within one year. It is not conceivable to us that a District Court, except under the most extraordinary circumstances, could be charged with an abuse of discretion in refusing to vacate, after the lapse of more than fourteen years, a judgment which it had jurisdiction to enter. There is nothing in the record in this case which, in our opinion, would justify a ruling that the District Court erred in denying the appellant's motion to vacate the decree of denaturalization.

The order appealed from is affirmed.