**UNITED STATES of America**

v.

**Andrea CARDILLO.**

**Civ. A. No. 13060.**

United States District Court
W. D. Pennsylvania.

Nov. 16, 1955.

Hubert I. Teitelbaum, 1st Asst. Atty., Pittsburgh, Pa., for plaintiff.

Bruce R. Martin, of Dalzell, Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a petition to revoke and set aside a certificate of naturalization. 8 U.S.C.A. § 1451 et seq.

The sole issue for determination is whether jurisdiction exists when service is made by registered mail and/or publication, in which latter instance the proper address of the respondent was not set forth.

Revocation of naturalization is governed by the following provision of law:

"* * * if such naturalized person be absent from the United States or from the judicial district in which such person last had his residence, such notice shall be given either by personal service upon him or by publication in the manner provided for the service of summons by publication or upon absentees by the laws of the state or the place where such suit is brought." 8 U.S.C.A. § 1451.

If we should consider the requirement of "notice" as being a requirement of

"service", we must look to Rule 4, Federal Rules of Civil Procedure:

"Rule 4. Process * * *

"(d) Summons: Personal Service. The summons and complaint shall be served together. * * * Service shall be made as follows: * * *

"(7) Upon a defendant * * * is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States * * *

"(e) Same: Other Service. Whenever a statute of the United States or an order of court provides for service of a summons, *or of a notice,* or of an order in lieu of summons upon a party not an inhabitant of or found within the state, service shall be made under the circumstances and in the manner prescribed by the statute, rule, or order." (Italics supplied.) 28 U.S.C.A. Rule 4.

That is to say, service of process may be effected by personal service upon a respondent in a manner provided by any statute of the United States, or if he is not an inhabitant of or found within a state, then in the manner prescribed by statute, rule or court order.

■ Since no statute authorizes service of process upon an individual by registered mail in a proceeding of this kind, I cannot but help conclude that the act must be liberally construed requiring merely that the respondent have personal notice sixty days prior to hearing.

There is no doubt that actual notice was effectuated as evidenced by the registered mail receipt for registered mail which was signed either by the respondent or by some person on behalf of respondent.

■ As an alternative, the question is further raised as to whether publication constitutes notice as required by act of Congress. Nothing in the applicable statute or the Federal Rules of Civil Procedure specifies any form of notice or process to be served upon a respondent. United States v. Sharrock, D.C., 276 F. 30.

Under such circumstances, the court proceeds in conformity to its practices and rules, which in the instant case provided by court order for publication once a week for three successive weeks in two publications.

I must hold, therefore, that notice effectuated either by registered mail and/-or publication is adequate, giving to the respondent, as it does, ample opportunity to protect his rights under the law. Zurini v. United States, 8 Cir., 189 F.2d 722.

■ Citizenship is a most precious and prized possession, of which no person should be deprived without affording him the strongest cloak of protection under the law, but a corresponding duty rests upon such person to come forth with his defense where actual notice has been given him and receipt of such notice has been exemplified by his own writing or writing by an authenticated representative in his behalf.

■ The publication in the instant proceeding contained an erroneous address which could result in confusion. In this connection, I must find the publication of notice defective. Nevertheless, this defect was amply cured when registered notice was given the respondent.

An appropriate Order is entered.